MOUNTAIN TOWNSITE COMPANY V. L. B. COOPER ET AL.

No. 6637. Decided June 19, 1934.
Motion for rehearing overruled October 24, 1934.
(73 S. W., 2d Series, 90.)

*E. S. J. Whitehead,* of San Antonio, for plaintiff in error.

While appellant admits the force and effect of the Constitution which prohibits legislation that will impair the obligation of contract, it fails to find any inhibition against the courts in doing so. Sneed v. Joyce Land & Cattle Co., 254 S. W., 479; Spiller v. Bell, 55 S. W. (2d) 634; Carrol v. Edmondson, 41 S. W. (2d) 64.

The district court has exclusive jurisdiction to foreclose liens on land. Constitution, Art. 5, sec. 8; Art. 1, secs. 19 and 29; Parks v. West, 102 Texas, 11, 111 S. W., 726; Ferguson v. Wilcox, 119 Texas, 280, 28 S. W. (2d) 526; Morrow v. Corbin, 122 Texas, 553, 62 S. W. (2d) 641.

*L. B. Cooper, of Cotulla,* for defendants in error.

It was not error for the trial court to deny the application for temporary injunction and dissolving the temporary restraining order. Leach v. Thompson, 192 S. W., 602; W. L. Pearson & Co. v. Harding, 48 S. W. (2d) 964; Fort v. Moore, 33 S. W. (2d) 807.

Mr. Judge CRITZ of the Commission of Appeals, Section A, delivered the opinion for the court.

This suit was filed in the District Court of Bexar County, Texas, by Mountain Townsite Company, a corporation, against L. B. Cooper and Mrs. Ellen Proctor to enjoin the sale of certain real property in Bexar County by trustee. Simply stated Mrs. Proctor holds an indebtedness against this land secured by a deed of trust containing power of sale. The indebtedness secured by the deed of trust was past due and unpaid. Mrs. Proctor named L. B. Cooper as substitute trustee in accordance with the provisions of the deed of trust. The substitute trustee was about to sell the land at the request of Mrs. Proctor to satisfy her indebtedness. The petition in the District Court is somewhat vague, but from the entire instrument we gather that it seeks to enjoin the trustee sale on the following grounds:

1. Mountain Townsite Company attempts to plead the provisions of ch. 102, p. 225, Acts Regular Session, 43rd Legis-

lature, 1933 (First Moratorium Act), and seeks the injunction under such Act.

2. Because Mountain Townsite Company is not personally responsible for the debt against the land. In this connection Mountain Townsite Company pleads that it purchased the land with the lien on it, but did not assume such lien. There is no contention that it did not have notice of the lien.

3. Because the attempted foreclosure by trustee sale is in violation of Section 8 of Article 5, and Section 19 of Article 1 of our State Constitution.

On July 31, 1933, the District Court granted a temporary restraining order, and ordered that Cooper and Mrs. Proctor be notified to appear on August 10, 1933, then and there to show cause why temporary injunction should not issue.

Cooper and Mrs. Proctor answered the petition. of the Mountain Townsite Company. It is not necessary to detail the contents of the answer. The case was submitted in the trial court on August 21, 1933, on the bill and the answer. No testimony was heard. The trial court dissolved the temporary restraining order, and refused the temporary injunction. Mountain Townsite Company appealed to the Court of Civil Appeals at San Antonio. That court in all things affirmed the judgment of the District Court. Mountain Townsite Company prosecuted writ of error to this court. The writ was granted only because of the law questions involving the Moratorium Law. After the case reached the Supreme Court that court entered an order restraining the sale pending the decision of the cause by it.

■ The Moratorium Act of 1933, supra, expired by its own express terms May 1st, 1934. It follows that this cause in so far as relief is sought thereunder is moot. See order of this court in Cause No. 6566, Plainview Building & Loan Assn. v. Mrs. Lillian Robbins (ante. p. 408).

■ The right of sale under trust deed is a valuable one, given by contract, and cannot be impaired by any subsequent act of the mortgagee. Hampshire v. Greeves, 104 Texas, 620, 143 S. W., 147. It follows that Mrs. Proctor's right to have the land sold by trustee cannot be defeated or impaired by Mountain Townsite Company simply because it purchased the land after the deed of trust was given without assuming it.

■ Section 8 of Article V of our State Constitution provides: "The District Court shall have original jurisdiction; * * *

of all suits for title of land and for the enforcement of liens thereon."

Mountain Townsite Company seems to contend that under the above constitutional provision no lien on land can be foreclosed except by a suit in the district court. In other words, Mountain Townsite Company advances the propositon that the effect of the above constitutional provision is to render illegal all sales by trustees under deeds of trust of this character. Such proposition is untenable. The foreclosure of liens by trustee sales duly authorized by properly executed deeds of trust have been recognized as valid from the very dawn of our judicial history. Sampson & Keene v. Williamson, 6 Texas, 102; Jordan v. Peak, 38 Texas, 428. We merely cite these authorities as early cases. There are hundreds of others dating down to City of Dayton v. Allred, 123 Texas, 60, 68 S. W. (2d) 172. We hold that the validity of trustee sales is too well settled in this State to be open for discussion.

Section 19 of Article I is the due course of the law provision of our Constitution. Of course if a trustee sale is not in violation of Section 8 of Article V of our Constitution, it is not in violation of Section 19 of Article I thereof.

The judgment of the Court of Cvil Appeals and District Court are both affirmed, and all restraining orders heretofore issued by this court are hereby dissolved.

Opinion adopted by the Supreme Court, June 19, 1934.