**BLAGG et al. v. HARRIGAN.**

No. 9548.

Court of Civil Appeals of Texas. San Antonio.

July 25, 1934.

Rehearing Denied Aug. 10, 1934.

See, also (Tex. Civ. App.) 70 S.W.(2d) 205.

Leo Brewer, of San Antonio, for appellants.

D. A. McAskill, of San Antonio, for appellee.

MURRAY, Justice.

Appellee, Mrs. M. A. Harrigan, instituted this suit in the Fifty-Seventh district court of Bexar county against appellants, Wm. R. Blagg and Ted Brewer, trustee, seeking an injunction to prevent the sale of certain real estate located in Bexar county under the power of sale provided for in a certain deed of trust, wherein Ted Brewer was acting as substitute trustee for the benefit of Wm. R. Blagg; the deed of trust being signed by Mrs. M. A. Harrigan and given to secure certain notes aggregating the principal sum of approximately $22,000.

The trial court, after hearing the evidence, granted the injunction enjoining the sale of the real estate described in the deed of trust until further orders of the court, but in no event beyond February 1, 1935. Appellants, Blagg and Brewer, present this appeal.

Appellee's petition for injunction is based upon the provisions of Senate Bill No. 3, Acts 1934, 43d Leg. 2d Called Sess. c. 16, appearing on page 42 (Vernon's Ann. Civ. St. art. 2218b note). Senate Bill No. 3 is commonly referred to as the new moratorium statute, while House Bill No. 231, passed at the regu-

lar session of the 43d Legislature (chapter 102 [Vernon's Ann. Civ. St. art. 2218b]), is commonly referred to as the old moratorium statute.

■ The first question presented by this appeal is the constitutionality of said Senate Bill No. 3. In Murphy v. Phillips (Tex. Civ. App.) 63 S.W.(2d) 404, this court held House Bill No. 231 to be unconstitutional and void, in that it impaired the obligations of a contract (Const. U. S. art. 1, § 10; Const. Tex. art. 1, § 16). Writ of error was granted by the Supreme Court, but the cause was ultimately dismissed on the ground that the questions involved had become moot by the expiration of the time limit of the statute. Plainview Bldg. & Loan Ass'n v. Robbins (Tex. Sup.) 73 S.W.(2d) 92. In the dismissal of that case and nine similar cases, Chief Justice Cureton filed a concurring memorandum, as follows: "I concur in the dismissal of the above-named cases, not because I think they are moot, for as to that I am not convinced, but because I am of the opinion that the statute under which the actions were brought is violative of sections 16 and 19 of article 1 of the Constitution of Texas, which render void any law impairing the obligation of contracts. I refrain from elaborating my views at the present time, for the reason that it is quite likely that cases involving a somewhat similar constitutional question may be presented to this court under another and more recent legislative enactment, relating to the same subject as the statute which was made the basis of action in the cases named above."

It appears to us that Senate Bill No. 3 is subject to the same objection and is unconstitutional for the same reasons fully set out by us in our opinion in the Murphy-Phillips Case.

■■ However, even though Senate Bill No. 3 be considered as constitutional, appellee would nevertheless not be entitled to the injunction granted in this case. The bill, in stating what is necessary for a mortgagor to allege and prove before he is entitled to an injunction, as provided for in said act, states, among other things, in section 1, subd. (f) (Vernon's Ann. Civ. St. art. 2218b note): "That there is a reasonable expectation that the indebtedness will be materially reduced or that a substantial amount thereof will be refinanced within a reasonable time." Appellee's petition, while containing some general allegations, did not allege facts from which it can be deducted that appellee rea-sonably expects that the indebtedness will be reduced or that a substantial amount thereof will be refinanced in a reasonable time. Appellants specially excepted to the petition for this reason and the trial court committed error in overruling these special exceptions. Independent of the question of the sufficiency of the petition in this particular, appellee also failed to offer proof that she reasonably expected that the indebtedness would be materially reduced or that a substantial amount thereof would be refinanced within a reasonable time.

Section 3 of said act (Vernon's Ann. Civ. St. art. 2218b note) is in part as follows: "Provided however, that no such injunction or restraining order shall be granted where the property involved is delinquent in the payment of taxes accruing to any subdivision of government for more than two taxpaying years at the time that the petition is presented or at the time the judgment of foreclosure was rendered. Provided further that in event the petitioner shows to the satisfaction of the court that there exists a substantial equity in the property over and above the amount of the indebtedness, interest, and accrued taxes he shall be entitled to enjoy the benefits of this Act and the judge may grant such temporary injunction regardless of the fact that there may be more than two years taxes delinquent on the property the sale of which is sought to be restrained." From the plain provisions of this section it is clear that a person seeking the benefits of Senate Bill No. 3 must allege and prove either that taxes are not due on his property for more than two years, or that he has a substantial equity in the property. The petition in this case discloses the fact that taxes are due upon this real estate and that same are delinquent for a period of more than two taxpaying years, and the allegations of the petition and the evidence offered at the hearing failed to disclose that there exists a substantial equity in the property over and above the amount of indebtedness, interest, and accrued taxes.

Thus it will be seen that appellee has not complied with the provisions of Senate Bill No. 3 and, by the allegations of her petition and the evidence introduced at the hearing, has not shown herself to be entitled to an injunction as prayed for under the provisions of the very act upon which her petition is based.

It therefore becomes apparent that even if Senate Bill No. 3 be held constitutional, ap-

pellee is not entitled to the relief sought and the injunction in this case should not have been granted.

The order of the trial court will be set aside, and the injunction dissolved.

BICKETT, C. J., did not sit in this case.