## Mrs. M. A. Harrigan v. Wm. R. Blagg and Ted Brewer.

Application No. 20,753.  Decided December 12, 1934.
Rehearing Overruled December 27, 1934.
(77 S. W., 2d Series, 524.)

*D. A. McAskill,* of Houston, for plaintiff in error.

Mr. Chief Justice CURETON delivered the opinion of the court.

This case is before us on application for writ of error. On December 1, 1927, the plaintiff in error, M. A. Harrigan, executed promissory notes to B. F. Dittmar Company, aggregating $22,000.00, secured by deed of trust on certain real estate

located in the city of San Antonio. The defendant in error, Wm. R. Blagg, became the owner of the notes, and after default Ted Brewer, as substitute trustee, posted notices for the sale of the property on April 3, 1934, under the deed of trust. On April 2, 1934, the plaintiff in error filed this suit in the District Court of Bexar County, praying for a restraining order and after hearing that an injunction be granted restraining the sale of the property under the deed of trust until February 1, 1935. The suit was brought solely by virtue of the Moratorium Act, Chap. 16, General Laws of the 43d Legislature (2d Called Session), 1934, and upon the hearing the sale was enjoined by the court as prayed for until February 1, 1935. Upon appeal the Court of Civil Appeals set aside the order of the court and dissolved the injunction. (74 S. W. (2d) 324).

■ We have heretofore held void the Moratorium Law under which this action was brought, and by virtue of which the court enjoined the sale under the deed of trust, because in violation of Section 16, Article 1, of the Constitution of Texas prohibiting the enactment of laws impairing the obligation of contracts. The Travelers' Insurance Co. v. Marshall recently decided ante, p. 45, 76 S. W. (2d) 1007. See also Langever v. Miller recently decided, ante, p. 80. It is unnecessary to add to what has been said in the two opinions named. However, we will briefly consider one feature of the Act that authorized District Courts to stay or enjoin the execution of contract remedies.

The deed of trust under which the sale enjoined was about to proceed contained a power of sale authorizing the trustee to make the sale which he was enjoined from consummating. In part, the deed of trust read:

"If the grantors fail to perform any covenant or agreement hereinbefore contained, we do hereby authorize, direct and empower said Trustee, his successors or substitutes, at the request of the owner of said indebtedness, to sell the property hereby conveyed at public auction to the highest bidder for cash at the doors of the County Court House of the county in which the above described real estate, or the greater part thereof is situated, between the hours of 10 A. M. and 4 P. M. on the first Tuesday in any month after giving public notice of the time and place and description of the property to be sold and by posting for at least twenty-one (21) consecutive days prior to the date of sale written or printed notices thereof at three public places in such county where such real estate is situated, one of which shall be at the door of the County Court House

of said county, which said notices may be posted by the Trustee acting or by any other person authorized by the Trustee, and the Trustee selling said property may sell same as an entirety or in parcels, as he may elect or deem best and make * * * "

It is obvious from the foregoing that the parties contracted for the extra-judicial remedy of sale by Trustee upon default in addition to the judicial remedy of foreclosure by suit.

■ The parties had lawful authority to enter into the contract for that remedy, since the statute existing at the time regulated only the manner of executing the power of sale conferred upon the trustee by the deed of trust. R. S. Art. 3810; 3 Jones on Mortgages (8th ed.), secs. 2286, 2288, 2290; Mountain Townsite Co. v. Cooper 123 Texas, 603, 73 S. W. (2d) 90.

We shall not again quote the provisions of the Moratorium Act, since it is available in the Legislative Acts, and, in so far as here involved, is quoted in our opinion in the case of Travelers' Insurance Co. v. Marshall, supra. It is sufficient here to say that the measure authorized District Courts to restrain the execution of contracts in existence prior to its enactment and to postpone sales under the deeds of trust, as was done in this case.

■ There are two classes of remedies for the enforced collection of debts secured by deeds of trust, such as the one before us. One is the judicial remedy provided by statute for foreclosure and sale under judgment. The other is the contract remedy of sale by trustee, such as was in progress in this case when the injunction issued. As to the former,—that is, the judicial remedy provided by statute,—the rule is that the Legislature can change and modify the same so long as a remedy equally efficacious and valuable is provided. Langever v. Miller, recently decided, ante, 80, 76 S. W. (2d) 1025 and authorities there cited.

As to this type of remedy, the rule is that if the change is such as to impair the obligation of contracts, it is void or is not to be applied to contracts entered into before the enactment changing the remedy. Langever v. Miller, just cited.

■ As to the second class of remedies,—that is, contract remedies,—the Legislature is without constitutional power to make any change. When once extra-judicial remedies have been contracted for, the Legislature is without power to change or vary them, if they were lawful in the first instance. As said in a leading text, a specified remedy provided by the contract itself can not be lawfully changed by legislation, because it consti-

tutes a part of the contract. (9 Texas Jur., p. 546, sec. 110). Travelers' Insurance Co. v. Marshall, supra, and authorities cited; Thompson v. Cobb, 95 Texas, 140; International Bldg. & Loan Association v. Hardy, 86 Texas, 610; Langever v. Miller, supra, and authorities cited; Standifer v. Wilson, 93 Texas, 232.

In the case of International Building & Loan Association v. Hardy this Court had before it a certified question reading:

"Did the Act of March 21, 1889, entitled 'An act to prescribe the place and time of sale of all real estate thereafter to be sold under power conferred by any deed of trust or other lien,' have the effect of requiring compliance with its provisions in cases of sales thereafter made under a power, where the contract conferring the power had been executed prior to said act, and provided differently in respect to the sale?"

This Court in an opinion by Chief Justice Stayton answered the question, stating:

"The Act of March 21, 1889, can not be given effect as to contracts executed before it was operative in cases in which the remedy therein prescribed differs from the remedy prescribed by contract."

In the course of his opinion the Chief Justice, in part, said:

"The Constitution of the United States and the Constitution of the State deny to the Legislature of this State power to enact any law impairing the obligation of contract, and the latter withholds power to enact retroactive laws.

"The purpose of the parties in making the mortgage contract, and in giving power to sell the mortgaged property in accordance with the terms of the instrument, were twofold.

"The leading purpose of that contract was to give lien on the property described in it, to secure debt due or to become due from one party to the other; and if the contract had gone no further than to secure this right, there is no doubt that it would have been within the power of the Legislature to change the remedy then existing for the enforcement of such a right through the courts, in any respect that did not essentially affect the right secured.

\*    \*    \*    \*    \*

"The contract, however, had in view and by its terms gave and was intended to give to the creditor a remedy through which it might enforce its right against the mortgaged property without resort to the ordinary remedies given by law; and it will now be assumed that the contract which gave that remedy was valid when made.

"The constitutional provisions which forbid legislation the effect of which would be to impair the obligation of contracts affecting property or pecuniary rights, are broad and embrace every such contract; and on the case stated the question arises, Is a contract securing to a creditor right to a specific remedy, whereby he may enforce a pecuniary obligation without resort to the courts of the country, subject to such modifications and changes as may lawfully be made in the ordinary remedies prescribed by law?

"We are of opinion that this should be answered in the negative; for as before said, the contract in the one case secures the right of the parties as to the subject matter of contract, but looks for remedy to laws existing or to such laws as may be subsequently enacted—in fact contract with reference to the known power of the law making department to make such changes in remedial laws as may be deemed beneficial, provided they be not such as impair the obligation of contracts; while in the other the very purpose of so much of the contract as secures a remedy the law does not give is to secure the specific remedy contracted for.

"In one case the specific remedy is the subject of contract, and parties, one or both, thus secure it because deemed more advantageous in enforcement of right than the remedies provided by law; while in the other the thing or right secured by contract is that which gives right to some remedy for enforcement of contractual obligation; by reason of the right the remedy operates upon persons or things, and in the absence of contract for remedy in such cases, parties subject themselves and property to such remedies as exist at the time the contract is made, and to such as subsequently may lawfully be given by law.

"That persons may contract for a remedy, lawful in itself, but not given by law for enforcement of a right, will not be questioned; but such a contract will not prevent resort to any remedy given by law.

"*If, however, a party desires to resort to a remedy existing only by contract, he must take it in accordance with the agreement that gives it; for the Legislature has no power by subsequent law to change the contract. The exercise of such power would be, in affect, to make contracts for parties, which the Legislature has no power to do. * * *

"*It is obviously true that such remedies as rest on contract alone must be exercised as provided by the contract, or not at all; and it is equally clear that the Legislature has no power to*

*change such a contract, and in its changed condition to make it obligatory on either party, simply because it has no power to make contracts for parties.*

"In a case in which a trustee in a mortgage, which gave power to sell the mortgaged property in manner and on terms prescribed by the instrument, was sought to be enjoined by the debtor on account of legislation subsequent to the contract, it was aptly said: 'The deed established all the agencies for the execution of the trust. Unlike a mortgage, it contemplated no day in court for foreclosing or redemption, nor sale under the direction and terms of the court, and by its officers.' But its design was to avoid the process of the law, and to confide to impartial agents summary means of realizing the objects of the trust. Had the parties, by the nature of their agreement, as in case of mortgage, been thrown upon the courts for redress, they might have been amenable to the control which the Legislature possesses over judicial remedies. * * * Shall it be said that a sale is a remedy that may be likened to legal process, and as such liable to be changed and modified by the Legislature? If so, there is at least this material difference, that is a remedy of the parties' own appointment, and the very essence of his contract. It can not be segregated from it and treated as an extrinsic remedy within the pale of legislative jurisdiction. * * * To admit a subsequent act of the Legislature thus to modify and essentially vary the written stipulations of the parties, would concede to the Legislature a power to make a new contract and destroy the old altogether—a power not assumed by the letter of the act itself, for it only professes to operate on general remedies.' Taylor v. Stearne, 18 Gratt., 244."

Continuing his opinion, by applying the principles of law previously discussed, Judge Stayton said:

"It appears that under the contract notice of sale was required to be given by advertisement in a daily paper of the city for ten days prior to sale day, and in entering into that contract the parties must be supposed to have determined for themselves that such notice would be more beneficial to them than notice given in some other manner.

"They were equally interested in that matter, and it is certainly true that power had not been given to make the sale under any other mode of advertisement. What notice of the sale should be given was matter of contract.

"Had the Legislature jurisdiction to declare that the power to sell should exist, and might be exercised if notice of sale was

given in some other manner than that prescribed by the contract?

"While the Legislature has power to prescribe what process shall be used for enforcement of rights through the courts, and what notice of judicial sales shall be given, it certainly has no power to confer on any private person power to sell the property of another at such time and place and on such notice as it may prescribe, without regard to or in violation of any contract parties may have made.

"If the law requiring notice to be given as in sales under execution, is to operate on contracts made before its enactment, this necessarily annuls the power based solely on contract; for neither of the parties agreed that the power might be exercised at all, unless notice was given as the contract required.

"The contract only permitting the power to be exercised on terms prescribed, impliedly forbade the trustee to sell unless notice was given as it required; and if the subsequent law is to have effect, the power to sell under its terms is a power existing only by force of the law, for the parties did not confer it.

"The necessary effect of the law, when the period for advertisement prescribed by the law differed from that required by contract, would be to extend or shorten the period after default within which a sale could be made; and by reason of the fact that the statute prescribes a day in each month on which such sales shall be made, this period may be extended for a longer time than the difference in time of advertisement prescribed by contract and the law.

"*When parties, looking to all the facts bearing on their respective interests, make a contract whereby specific remedy, not given by law, is secured for enforcement of rights, courts ought not to inquire as to the extent of injury which may result if a law subsequently enacted, and effecting the remedy, be given effect; for such legislation impairs the obligation of contract, takes away vested rights, and is therefore prohibited by the Constitution.*"   (Italics ours).

In the case of Thompson v. Cobb, supra, this Court again had before it a question similar in effect to that considered in the case from which we have just quoted.   In discussing the matter, this Court, in an opinion by Associate Justice Williams, in part said:

"Nor can it be held that the subsequent statute restricted the power of the trustee and required the sale to be made on the first Tuesday in the month.   The effect of the statute upon deeds

of trust executed before its enactment was considered in the case of the International Building and Loan Association v. Hardy, 86 Texas, 610. The deed there in question required a notice differing from that prescribed by the subsequently enacted statute; and the question was whether or not the statute so applied as to require the notice prescribed by it to be given. It would seem that both the statute and the deed could have been complied with, but it was held in effect that it was not in the power of the Legislature to take away the right of the parties created by the contract to have the property sold upon the terms and conditions and in the manner which they had agreed upon.

"The gist of that decision is that the parties, by their contract, had acquired the right to have the property sold by complying with the provisions of the deed; that this constituted a part of the obligation of the contract which could not be impaired by subsequent legislation, and that the imposition of additional conditions upon the exercise of the right would be such an impairment. The principles there laid down control this case. By omitting to fix a day upon which the sale should be made and empowering the trustee to sell at any time, the parties gave him, as their common agent, a discretion to select a day when, in his judgment, the sale could be made to the best advantage of all concerned. Hess v. Dean, 66 Texas, 668. It was their right to have this done in accordance with their contract 'at any time' after default. The statute, if held to take away the power to make it at any other time than on the first Tuesday in the month, would not only add an additional condition, but would restrict the power defined in the deed and the consequent rights of the parties to it."

The cases just cited and discussed were cited in Langever v. Miller and Travelers' Insurance Co. v. Marshall, but were not quoted from because of the length of those opinions. They were, however, in point against the validity of the Moratorium Acts. They are also directly in point here for the reason that the instant case involves the Moratorium Act in so far as that measure attempted to authorize a court to restrain the execution of a valid extra-judicial remedy contracted for before the passage of the law.

We have heretofore said that the Act before us is void because it violates Section 16, Article 1, of the Constitution of Texas prohibiting legislation impairing the obligation of contracts. As to whether or not the Act violates the Constitution

of the United States is not material to a decision of this case, and is not decided.

The application for writ of error is refused because the Act invoked by the plaintiff in error is in violation of the Constitution of Texas.

This application for writ of error has been considered by the Supreme Court and both sections of the Commission of Appeals, and I am requested to state that all concur in this opinion.

The restraining order heretofore issued by us in this cause is dissolved.