J. H. SHARBER v. R. E. FLORENCE.

No. 7336.   Decided April 20, 1938.
(115 S. W., 2d Series, 604.)

342

*Carney & Carney*, of Atlanta, Texas, for plaintiff in error.

Plaintiff having testified that he had received no notice of the sale of real estate, and the defendant having offered no testimony that notice was given, plaintiff was entitled to have the question passed upon by the jury, and that a verdict should have been instructed in his favor. Bean v. City of Brownwood, 91 Texas 684, 45 S. W. 897; Dodson v. Langford, 26 S. W. (2d) 924; Orr v. Wallace, 285 S. W. 650; Murphy v. Phillips, 63 S. W. (2d) 404.

*Ben A. Harper*, of Houston, for defendant in error.

Where the sheriff's deed recites that notice was given by mailing same to plaintiff, and that plaintiff had failed to allege that no notice was mailed, but merely testified that he "had no notice" of the sale, no issue of fact was made as to whether notice was given. Rogers v. Moore, 100 Texas 361, 97 S. W. 685; Hodges v. Commonwealth Bank & Tr. Co., 44 S. W. (2d) 400; Polk v. Holland, 66 S. W. (2d) 1112.

MR. JUSTICE SHARP delivered the opinion for the Court.

J. H. Sharber brought this suit in the District Court of Cass County against R. E. Florence, to annul a deed from the Sheriff of Cass County to R. E. Florence for 35 acres of land. The parties herein will be designated as plaintiff and defendant, as they were in the trial court. The trial was to a jury. At the conclusion of plaintiff's testimony, defendant made a motion for peremptory instruction, which was granted; and a verdict was

rendered for defendant. Judgment was entered for defendant, and plaintiff appealed to the Court of Civil Appeals at Texarkana, and the judgment of the trial court was affirmed. 108 S. W. (2d) 942. Because a decision of the case involves the construction of Article 2218b note, Vernon's Annotated Texas Civil Statutes, known as H. B. No. 4, Acts 43d Legislature, 2d Called Session, chapter 2, page 2, a writ of error was granted.

The Act in question reads as follows:

"Sec. 1. That all sales under any execution or order of sale issued out of any court of this State and all sales under any deed of trust, mortgage or other contract giving or granting any power of sale of real property for debt now advertised to be made on February 6, 1934, are hereby stayed and postponed until the first Tuesday of March, 1934; that no other or further advertisement or notice of any such sale that has been lawfully published or given for sale on February 6, 1934, shall be required for sale under such execution, order of sale or such deed of trust, mortgage or other contract on the first Tuesday in March, 1934. Any and all sales under execution, order of sale or under any deed of trust, mortgage or other contract giving or granting any power of sale of real property for debt, made prior to the first Tuesday in March, 1934, and subsequent to the effective date of this Act shall be and the same is hereby declared void. Provided that this Act shall not apply where the lien sought to be foreclosed was procured or obtained for the purpose of securing in part or whole any indebtedness for money or property procured by misrepresentation, fraud, defalcation or embezzlement. Provided further that if the record owner of such real estate and the holder of such indebtedness agree in writing that such sale shall be made on February 6, 1934, such sale shall be valid and binding. In all such cases the agreement shall be signed by the trustee or other person making such sale and by the record owner of such real estate and shall be acknowledged and filed for record with the trustee's or other person's deed.

"Sec. 2. That the period within which return is required to be made under any such execution or order of sale shall be, and the same is hereby extended for such period as may be necessary to enable the officer making such sale to make due return thereof but such extension shall not extend beyond the first Tuesday in April, 1934.

"Sec. 3. The time during which sales under execution, order of sale, deeds of trust, mortgage or contract shall be suspended or extended by the provisions of this Act shall not be accounted

or computed as a part of the period within which suits shall be instituted or sales shall be made."

Plaintiff contends that the Court of Civil Appeals erred in holding valid that part of the act which applies to sales made under executions or orders of sale issued out of any court of this State for debt, advertised for sale to be made on February 6, 1934, and postponed to the first Tuesday in March, 1934. This presents the principal question for decision.

In October, 1933, defendant recovered judgment in the District Court of Cass County against plaintiff for the sum of $292.82, together with a foreclosure of the vendor's lien on the land described in the sheriff's deed sought to be cancelled. By virtue of an order of sale issued out of the district court on January 8, 1934, the sheriff sold the land on which the vendor's lien held by defendant was foreclosed, and executed a deed therefor to defendant. Notice of the sale of the land was advertised in a newspaper in Cass County, Texas, in the manner and for the length of time required by law, for the first Tuesday in February, 1934, and was postponed until the first Tuesday in March, 1934, in obedience to the terms and provisions of the act above described, which became effective the day before the date set for the sale, February 6, 1934.

In addition to the act involved here, the Legislature passed many other moratorium laws, two of which are described as follows:

Senate Bill No. 3, Chapter 16, page 42, General and Special Laws 43d Legislature, Second Called Session, which was held invalid in the cases of Travelers Insurance Co. et al. v. Marshall et al., 124 Texas 45, 76 S. W. (2d) 1007, and Harrigan v. Blagg et al., 124 Texas 117, 77 S. W. (2d) 524.

House Bill No. 150, Chapter 92, page 198, General Laws 43d Legislature, Regular Session (the Anti-Deficiency Judgment Law), which was held invalid in the case of Langever v. Miller, 124 Texas 80, 76 S. W. (2d) 1025, 96 A. L. R. 836.

This is the first time this act has come before the appellate courts for construction. All that part of the act which undertook to change the method of sale contained in contracts, mortgages, and deeds of trust, fixed by the parties independent of the statutes, and which declared all sales made under executions, orders of sale, or under any deeds of trust, mortgages, or other contracts giving or granting any power of sale of real property for debt, made prior to the first Tuesday in March, 1934, and subsequent to the effective date of this act, has been repeatedly

condemned as being unconstitutional. International Bldg. & Loan Assn. v. Hardy, 86 Texas 610, 26 S. W. 497; Mountain Townsite Co. v. Cooper, 123 Texas 603, 73 S. W. (2d) 90; Travelers Ins. Co. et al. v. Marshall et al., supra; Harrigan v. Blagg et al., supra; Langever v. Miller, supra.

1   The rule is well established that the Legislature may make reasonable changes in methods and remedies for the enforcement of rights arising under contracts in which no mode of procedure is stipulated, and under judgments of courts where no specific method of procedure has been prescribed. Langever v. Miller, supra; Travelers Ins. Co. et al. v. Marshall et al., supra; Harrigan v. Blagg et al., supra; Cooley's Constitutional Limitations, (8th ed.) p. 754; 12 C. J., p. 835, Sec. 286; 6 R. C. L., p. 359, Sec. 354.

2   Although certain moratorium acts were declared void in the cases above cited, yet the power of the Legislature to reasonably change the mode and remedies relating to the enforcement of rights in a manner not to affect such rights, where no contract with respect thereto had been made by the parties, was fully recognized. The rule is well established in this State, and elsewhere, that where parties make a contract in which they prescribe the mode of its enforcement, the Legislature has no authority to enact any law impairing the obligations of the contract; because it would violate both the Constitution of the United States and the Constitution of this State. The parties have the right, under the Constitution, to make their own agreement, provided it be legal. In the event a contract prescribes no method for its enforcement, and resort to the courts must be had to enforce the rights arising thereunder, the Legislature may prescribe rules regulating the enforcement of such rights. The courts have clearly drawn the distinction as to the enforcement of the two rights mentioned above. International Bldg. & Loan Assn. v. Hardy, 86 Texas 610, 26 S. W. 497, 24 L. R. A. 284, 40 Am. St. Rep. 870; Cooley's Constitutional Limitations, (8th ed.) Vol. 2, p. 754.

3   A host of cases could be cited in which acts containing both valid and invalid provisions have been construed. This Court has repeatedly held that if part of an act is declared invalid it does not destroy the entire act, unless the invalid part is so intermingled with all parts of the act as to make it impossible to separate them, and so preclude the presumption that the Legislature would have passed the act anyhow. In the construction of statutes, if it can be lawfully done, it is the duty of the court to construe a statute so as to render it valid. It is also

clear that where a statute contains provisions which are legal, and others which are not, effect may be given to the legal provisions by separating them from the illegal. But this rule applies only to a statute where the provisions are separable and not dependent one upon the other; and does not support the contention that that which is inseparable may be separated. Empire Gas & Fuel Co. v. State, 121 Texas 138, 47 S. W. (2d) 265; State v. Laredo Ice Co., 96 Texas 461, 73 S. W. 951; Howard v. Illinois C. R. Co., 207 U. S. 463; 39 Texas Jurisprudence, pp. 22, 23.

The act relates mainly to three matters: (1) Sales made under executions or orders of sale; (2) sales made under deeds of trust, mortgages, or other contracts giving any power of sale of real property advertised for sale on February 6, 1934; and (3) all sales under executions, orders of sale, or under deeds of trust, mortgages, or other contracts giving power of sale of real property for debt, made prior to the first Tuesday in March, 1934, and subsequent to the effective date of this act, are declared void, subject to certain exceptions.

The act not only undertook to postpone sales advertised according to law, but also undertook to annul certain sales made under executions, orders of sale, and other methods provided for by law. If the Legislature undertook, within its power, to reasonably change the mode and remedy of sale, in a way not to affect valuable rights, the remedy sought to be enacted was so intermingled with other matters so clearly unconstitutional that it is impossible to separate them. It will be observed that all the matters embraced within the act are treated together and not separately. Nor does the act contain the usual provision that if any part of the law is declared invalid, such holding will not affect those parts which are valid.

We have carefully considered the act before us, with the object, if possible, of separating the valid from the invalid parts. It clearly appears that its parts are so intermingled that if any of the parts are valid, they cannot be separated from the parts that are invalid. In the form that this law was enacted, when its purposes are analyzed there is no possibility of separating them so that each part remains as complete in itself and capable of being executed in accordance with the legislative intent, wholly independent of those parts which are rejected as being unconstitutional.

4 But it is contended that if the act should be held invalid, the defendant, having obeyed the law before it was declared

unconstitutional, by postponing the sale for one month, should be protected in his rights acquired under the sale.

The general rule is that a void statute is no law, and therefore cannot confer any rights, bestows no power on any one, and justifies no acts performed under it. 9 Texas Jurisprudence, p. 467, Sec. 51; 39 Texas Jurisprudence, p. 21, Sec. 8; 11 American Jurisprudence, p. 827, Sec. 148, and cases cited in notes.

The foregoing rule has been deviated from by this Court where it was shown that parties had obtained judgments in causes and the Legislature had enacted what was called Stay Laws, prohibiting the issuance of executions thereon for a certain period of time, and where it was also shown that the parties had obeyed the law before it was declared invalid; and such rights acquired in such judgments are not destroyed by the period of limitation prescribed in such laws. Phillips v. Lesser, 32 Texas 741; Sessums v. Botts, 34 Texas 335; Cravens v. Wilson, 35 Texas 52, Id. 48 Texas 324; Townsend v. Quinan, 36 Texas 548; Delespine v. Campbell, 52 Texas 4.

5 If the question were presented here that the rights of defendant in this judgment would be destroyed on account of the postponement of the sale, this Court would unquestionably refuse to permit such rights to be destroyed. But that is not the case before us. The rights obtained by defendant in that judgment are still enforceable. However, he claims the land in question by reason of the sale made under an invalid statute. That statute authorized the sale to be made without further notice. No other statutes authorize such sale without further notice. If the sale is to be upheld, it must find support in this law. No claim is made that the land could not be resold under the requirements of existing valid statutes. That right cannot be questioned; nor do we understand that it is questioned. Defendant is asserting title to the land by virtue of a deed executed under a statute declared to be void.

We think there exists a sound distinction between a decision which holds that rights acquired under a judgment will be protected from limitation, where the parties obey a law before it is declared void, and a decision which holds a sale made under a void statute conveys no title to the land. In the first instance the legal rights of parties already acquired are protected in spite of a void statute; while in the second instance, if the sale of land under a void statute were sustained, the parties would not only have their rights already acquired protected, but would also gain rights under a void statute. This Court has held, and still holds, that original rights obtained under a judgment will

be protected in spite of a void statute, but it will not extend the rule to protect rights acquired under such void statute.

For the reasons herein stated, the judgments of the trial court and Court of Civil Appeals are hereby reversed, and this cause is remanded to the trial court for a new trial.

Opinion delivered April 20, 1938.