**PURSER v. POOL.**
No. 2068.

Court of Civil Appeals of Texas. Eastland.

Nov. 22, 1940.

Thomas & Thomas, of Big Spring, for appellant.

Brooks & Little, of Big Spring, for appellee.

GRISSOM, Justice.

J. D. Purser instituted this suit against Frank Pool on a parol contract for the purpose of recovering a real estate broker's commission for procuring the sale of defendant's land.

The defendant's answer contained a general demurrer and special exceptions which were directed at plaintiff's failure to allege (1) that the contract sued on was in writing and signed by the defendant or his agent, and (2) that plaintiff was a duly licensed real estate dealer or salesman. The court sustained the general demurrer and exceptions and, plaintiff declining to amend, dismissed the case. From the judgment of dismissal, plaintiff has appealed.

■ The alleged agreement between the plaintiff and defendant for the sale of defendant's land by the plaintiff for a commission was made in May, 1938. Under the allegations the sale was consummated and plaintiff became entitled to his commission on August 9, 1939. His cause of action arose then. The 46th Legislature on June 21, 1939, p. 560, passed a bill known as the Real Estate Dealers License Act, now Art. 6573a, Vernon's Texas Statutes, 1939 Cumulative Supplement. Sections 13 and 22 are the subdivisions of said Article directly involved. They are as follows:

"Sec. 13. No person or company engaged in the business of acting in the capacity of a real estate dealer or real estate salesman within this State shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in Section 2, Subdivision (a) hereof, without alleging and proving that such person or company was a duly licensed real estate dealer or salesman at the time the alleged cause of action arose."

"Sec. 22. No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized. This provision shall not apply to any action for commissions pending in any court in this State at the effective date of this Act."

This Act became a law ninety days after June 21, 1939, the date of the adjournment of the Legislature, which, according to our calculation, is September 19, 1939.

By virtue of the alleged contract and his compliance therewith, plaintiff, on August 9, 1939, was entitled under the law that then and theretofore and thereafter, at least until September 19, existed, to recover from the defendant his real estate dealer's commission. This was true regardless of whether plaintiff was a licensed real estate dealer at the time the cause of action arose, and regardless of whether the contract for the commission was in writing and signed by the defendant, or his authorized agent. Plaintiff's right to enforce his contract was a vested right. When his cause of action arose there was no such thing as a licensed real estate dealer or salesman referred to in section 13 of Art. 6573a.

■ Article 1, Sec. 16, of the Constitution of Texas, Vernon's Ann.St. provides: "No * * * retroactive law, or any law impairing the obligation of contracts, shall be made." If said sections of Article 6573a were intended by the Legislature to have the effect of depriving plaintiff of the benefit of his contract they are void, because violative of said constitutional provision. At the time the commission contract was entered into and at the time it was consummated, the law permitted plaintiff to recover his commission regardless of whether the contract was in writing and signed by the defendant and notwithstanding plaintiff was not a licensed real estate dealer. Plaintiff's right of action to enforce the obligations of this valid contract was a vested right of which he could not be deprived. The law at said times placed a two years statute of limitation upon a suit for recovery of such commissions under a parol contract. The laws existing at the time the contract was made, so far as material rights and remedies are concerned, became a part of that contract. It is, of course, recognized that the Legislature may change judicial methods and remedies for enforcement of contracts, but even as to remedies the Legislature does not have the power to so alter the remedies or procedure as to deprive a person "of a right secured to him by the constitution, as for example, by an act which impairs the obligation of a contract, or impairs vested property rights." J. J. Langever v. H. H. Miller, 124 Tex. 80, 76 S.W.2d 1025, 1029, 96 A.L.R. 836. Also, see Currie v. First Nat. Bank in Big Spring, Tex.Civ.App., 96 S.W.2d 731, writ refused; Cattle Raisers Loan Co. v. Doan, Tex.Civ.App., 86 S.W.2d 252, 255, writ refused; 9 Tex.Jur. 537, 541.

Under the trial court's interpretation of the statute, the rights of the plaintiff under his contract and the law as it existed at the time of the execution of the contract and at the time his cause of action arose has been summarily and permanently taken from him. There was no legal notice whereby he became advised of the necessity of sooner instituting suit on the contract. Art. 6573a became a law September 19, 1939. Under such construction plaintiff was immediately deprived of all the benefits, value of and rights under the contract which accrued at the consummation of the contract on August 9. It cannot be said that the statute merely operated to shorten the period of time within which plaintiff might file his suit. The question does not arise as to whether or not the time within which his suit might be instituted was unreasonably shortened. This act would not have the effect of giving plaintiff notice that if he did not file his suit before September 19, 1939, it could not thereafter be filed, or would be subject to a plea of limitation. It is not a limitation statute. If it is to be construed as retroactive, it had the effect of permanently prohibiting the judicial enforcement of a contract valid when made and when consummated forty days prior to the effective date of the statute. The passage of the act on June 21, 1939, did not give the plaintiff legal notice of anything. It did not operate as notice or otherwise until it became a law, ninety days after adjournment of the Legislature, that is on September 19, 1939. Popham v. Patterson, 121 Tex. 615, 624, 51 S.W.2d 680.

The last sentence of section 22 taken alone indicates an intention that the statute operates retrospectively. But "in determining the legislative intent, the court should not look alone to any one phrase, clause, or sentence of the act, but to the entire act * * *." Popham v. Patterson, 121 Tex. 615, 623, 51 S.W.2d 680, 683.

"* * * it is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively." Cooley, Constitutional Limitation, 7th Ed., 529. It is a rule of common acceptation that statutes are not to be construed as operating retrospectively unless the entire statute evinces the intention of the Legislature that it should do so. This is true even in the absence of a constitutional prohibition and should certainly be the rule where such construction would result in its invalidity. Piedmont & Arlington Life Ins. Co. v. Ray, 50 Tex. 511, 519; Rockwall County v. Kaufman County, 69 Tex. 172, 6 S.W. 431; Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249; Bowden v. Crawford, 103 Tex. 181, 183, 125 S.W. 5; Freeman v. W. B. Walker & Sons, Tex.Com.App., 212 S.W. 637, 638; City of Fort Worth v. Morrow, Tex.Civ.App., 284 S.W. 275, 277; Galveston, H. & S. A. Ry. Co. v. Wurzbach, Tex.Civ.App., 189 S.W. 1006; Johnson v. Smith, 112 Tex. 222, 227, 246 S.W. 1013; Hester & Roberts v. Donna Irrigation Dist., Tex.Civ.App., 239 S.W. 992, 993; Drought v. Story, Tex. Civ.App., 143 S.W. 361, 363, writ refused; Atwood v. Kelley, Tex.Civ.App., 127 S.W. 2d 555, 557; Wilson v. Work, 122 Tex. 545, 62 S.W.2d 490; Harrigan v. Blagg, 124 Tex. 117, 77 S.W.2d 524; 9 Tex.Jur. 540; 39 Tex.Jur. 52.

Looking to the entire act, we think the Legislature did not intend to deprive real estate dealers of the benefits of valid parol contracts made and consummated prior to the date said act became a law and at a time when a real estate dealer's license could not have been obtained, because such a license was unknown to the law.

We mean to hold (1) that Art. 6573a was not intended to operate retrospectively so as to have the effect attributed to it by the trial court. But (2) if such construction is required, that sections 13 and 22 are void, insofar as they affect the obligations of contracts made prior to September 19, 1939, because violative of Art. 1, sec. 16, of the Constitution of Texas. We, therefore, hold that the trial court erred in sustaining the general demurrer and exceptions and dismissing the case.

The judgment of the trial court is reversed and the cause remanded.