

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 20, 1947

Hon. Claud Gilmer, Chairman
Committee on Appropriations
House of Representatives
Austin, Texas

Opinion No. V-210

Re: The constitutionality
of H.B. 199, by Wise-
man, relative to an
appropriation to pay
taxes to the Maydelle
Independent School
District.

Dear Mr. Gilmer:

You have requested the opinion of this De-
partment as to the constitutionality of House Bill No.
199, which is as follows:

"An Act making an appropriation of
One Thousand Fifty-Three and 16/100 Dol-
lars ($1,053.16), or so much thereof as
may be necessary, out of the General Rev-
enue Fund to pay taxes due by the State
to a certain independent school district;
and declaring an emergency.

"Be it enacted by the Legislature
of the State of Texas:

"Section 1. The sum of One Thou-
sand Fifty-Three and 16/100 Dollars
($1,053.16), or as much thereof as may be
necessary, is hereby appropriated out of
the General Revenue Fund to pay taxes due
by the State of Texas to the Maydelle In-
dependent School District for the years
1943, 1944 and 1945 and 1946.

"Section 2. The fact that Article
2784b of the Revised Civil Statutes of
Texas, 1925, and Article 7150, Section
2-A and Section 3-A, Acts of the Forty-
first Legislature, Fifth Called Session,
Chapter 47 and Chapter 49, pages 190 and
191, Section 1 of each chapter, provides
that the State shall pay taxes creates an

emergency and an imperative public ne-
cessity that the Constitutional Rule
requiring bills to be read on three
several days in each House be suspended,
and said rule is hereby suspended, and
this Act shall take effect and be in
force from and after its passage, and
it is so enacted."

Chapter 39, Acts of the 41st Legislature,
5th Called Session, 1930, page 179, (Article 2784b,
V.C.S.) is in part as follows:

"Section 1.  That from and after
the passage of this Act, all land in
Cherokee County, Texas, owned by the
State of Texas and Prison Commission of
Texas, except the land heretofore set
aside for the Rusk State Hospital, but
including the land heretofore set aside
to the Agricultural & Mechanical College
for re-forestration purposes, shall be
subject to taxation for school purposes
where any such land is embraced within
the metes and bounds of any independent
or common school district.

"Section 2.  Where any such land
is embraced within the metes and bounds
of any independent or common school dis-
trict, the Trustees of the Independent
School District, of the Commissioners'
Court for a Common School District, are
hereby authorized to levy and cause to
be assessed and collected taxes for
school purposes for the amount and in the
manner prescribed by the General Laws
for the levy of school taxes.

"Section 3.  The taxes herein pro-
vided for shall be assessed and collected
in the manner now prescribed by General
Laws for the assessment and collection
of school taxes. . ."

Chapter 47, Acts of the 41st Legislature,
5th Called Session, 1940, page 190 (Article 7150, Sub.
18, V.C.S.) is in part as follows:

"Section 1. That Article 7150,
Revised Civil Statutes of Texas, 1925,
provide for the exemption of such prop-
erty from taxation be amended by adding
thereto another Section, No. 3a, as
follows:

"Section 3-a. Provided that any
territory that has been acquired or may
hereafter be acquired, by the State of
Texas, as a part of any State Prison
Farm or property, shall not hereafter
be exempt from the payment of its pro
rata part of any maintenance tax of a
public school district of which the said
territory was a part at the time said
maintenance tax of the said district
which are now outstanding was voted, or
which is a part of said district at the
time any maintenance tax may hereafter
be voted by said district; and the pro
rata part of said tax that shall be
paid by said territory shall be the pro-
portionate part that the assessed valua-
tion of such territory for county pur-
poses is of the total assessed valuation
of the school district for the year in
which such taxes are assessed. Provided,
also, that the said maintenance tax shall
be paid by the governing Board or Manage-
ment of the State Prison System out of
any funds appropriated thereby by the
Legislature. It is hereby specifically
provided that the said maintenance tax
shall be paid for each year that has
elapsed since any such territory of a
school district was acquired by the State
for and as a part of said prison system.
. . ."

Chapter 49, Acts of the 41st Legislature,
5th Called Session, 1940, page 191, (Art. 7150, Sub. 17,
V.C.S.) is in part as follows:

"Section 1. That Chapter 81, page
224, of the General and Special Laws of
the First Called Session of the 40th Leg-
islature, 1927, be and the same is hereby
amended so as to hereafter read as follows:

"That Article 7150 of the Revised
Civil Statutes of Texas, 1925, providing
for the exemption of certain property
from taxation, be amended by adding there-
to another Section No. 2-A, as follows:

"Section 2-A.  Provided that any
territory that has been acquired or may
hereafter be acquired, by the State of
Texas, as a part of any State Prison Farm
or property, shall not hereafter be ex-
empt from the payment of its pro rata
part of any bond tax of a public school
district of which the said territory was
a part at the time bonds of the said dis-
trict which are now outstanding were is-
sued, or which is a part of said district
at the time of the issuance of bonds
which may hereafter be voted; and the pro
rata part of said tax that shall be paid
by said territory shall be the proportion-
ate part that the assessed valuation of
such territory for county purposes is of
the total assessed valuation of the school
district for the year in which such taxes
are assessed.  Provided, also, that the
said bond tax shall be paid by the govern-
ing board of management of the State Pris-
on System out of any funds appropriated
therefor by the Legislature.  It is hereby
specifically provided that the said bond
tax shall be paid for each year that has
elapsed since any such territory of a
school district was acquired by the State
for and as a part of said prison system,
if any bonds were then outstanding."  (Em-
phasis added)

Under the ruling of this Department in Opin-
ion No. V-161, approved April 23, 1947, and for the iden-
tical reasons stated therein, Chapter 39 and Chapter 47,
Acts of the 41st Legislature, Fifth Called Session, Supra,
are each unconstitutional and void and, therefore insofar
as House Bill No. 199, is predicated upon the constitu-
tionality of either or both of said laws, it is also un-
constitutional and void for the same reasons stated in
Opinion No. V-161.

The language of House Bill No. 199 does not
indicate whether or not the taxes "due by the State of
Texas to the Maydelle Independent School District for

the years 1943, 1944 and 1945 and 1946" are "maintenance" taxes under the provisions of Chapter 47, supra, or "bond" taxes under the provisions of Chapter 49, supra.

Chapter 49, supra, is a valid law, save and except the following clause, "or which is a part of said district at the time of the issuance of bonds which may hereafter be voted". The emphasized clause is unconstitutional and void for the same reasons stated in Opinion No. V-161. However, since such unconstitutional clause can be severed from the remainder of the Act without destroying its purpose, the balance thereof is constitutional, even though there is no severability clause. See Sharber vs. Florence, 131 Texas 341, 115 S. W. (2d) 604, 606. The State may not impair the obligation of a valid existing contract between the bondholders and the school district and when it acquired the land in question, the State impliedly assumed the payment of its pro rata share of the then existing bonded indebtedness. Hence the Legislature may legally appropriate funds for the payment of the obligation so assumed.

It is the opinion of this Department that, absent any language therein to the effect that the sum sought to be appropriated is for the payment of bond taxes for the payment of bonds legally issued and outstanding upon the land in question at the time of its acquisition by the State of Texas, House Bill No. 199 is unconstitutional.

## SUMMARY

House Bill No. 199, Fiftieth Legislature, providing for the payment of certain taxes on State owned lands, to a certain independent school district, out of the General Fund of the State, is unconstitutional and void as violative of the provisions of Article III, Section 51 and Article XI, Section 9, Constitution of Texas. See Attorney General's Opinion No. V-161.

Yours very truly

APPROVED MAY 20, 1947

*Price Daniel*

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By *C K Richards*

CKR/Th/wb

C. K. Richards
Assistant