**Stephen F. MALOUF, Appellant**

**v.**

**January MULAULA, Guardian of the Estate of Stephen Mulaula, a Minor, Appellee.**

**No. 10–89–108–CV.**

Court of Appeals of Texas, Waco.

Aug. 16, 1990.

Rehearing Overruled Sept. 20, 1990.

Stephen F. Malouf, The Law Offices of Stephen F. Malouf, Dallas, for appellant.

Michael S. Box, Morgan & Weisbrod, Dallas, Gerry Williams, Arlington, for appellee.

## OPINION

THOMAS, Chief Justice.

In September 1986 January Mulaula and his wife, as next friends for their minor son, Stephen, filed a medical malpractice

suit in a Dallas district court. They did so after entering into a fifty-percent contingent-fee contract with the attorney who filed the suit. In November 1987, while the malpractice suit was still pending in the district court, the Mulaulas opened a guardianship for Stephen in Ellis County, and January Mulaula was appointed guardian of his estate. The County Court at Law of Ellis County, sitting as the probate court, entered all of the orders affecting the guardianship. In February 1988 the probate court authorized Mulaula, as guardian, to settle the malpractice suit for $1.5 million, and further ordered the "payment of costs, expenses and fees associated [with the settlement], subject to the terms, conditions and approval of the Judge of said [District] Court." In its April 1988 judgment, the district court approved the settlement and disbursed $600,000 (forty percent of the $1.5 million settlement) to the minor's attorney as an attorney's fee.

Stephen Malouf, who was removed by the district court as Stephen's guardian ad litem prior to the entry of the judgment, tried to attack the attorney's fee award by filing a motion for a new trial in the district court. However, his motion was stricken for a lack of "standing." He then attempted a direct appeal of the judgment to the Dallas court of appeals, which dismissed his appeal for a lack of standing. Finally, the Dallas court of appeals dismissed Malouf's attempted mandamus action for the same reason. He did not appeal the action of the Dallas court of appeals, and the district court's judgment became final.

Malouf then filed a "Motion to Disallow Claim" in the guardianship proceeding in Ellis County.[1] He pointed out in the pleading and at a hearing that the district court had awarded the minor's attorney a forty-percent attorney's fee rather than the one-third maximum allowed by section 233 of the Probate Code. *See* TEX. PROB. CODE ANN. § 233 (Vernon 1980). He asked the probate court to order the attorney to refund to the minor's estate $150,000 of the $600,000 fee. Malouf appeals the denial of his "Motion to Disallow Claim."

Malouf contends in point one that the portion of the judgment awarding the attorney's fee was void because the district court lacked jurisdiction to approve any claim against the minor's estate. He claims that the probate court had the exclusive jurisdiction to approve and settle all claims against Stephen's estate after the guardianship was established. Mulaula contends that Malouf's motion was an impermissible collateral attack on the district court's final judgment.

■ The Dallas district court acquired jurisdiction of the malpractice action when it was filed, and its jurisdiction was not divested by the subsequent opening of the guardianship proceeding. *See Ex parte Lillard*, 159 Tex. 18, 314 S.W.2d 800, 805 (1958); *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1070 (1926). It had the statutory authority to hear and determine the claim for an attorney's fee in the next-friend proceeding and to disburse the fee directly to the minor's attorney. *See* TEX. PROP. CODE ANN. § 142.006 (Vernon 1984); *Murray v. Templeton*, 576 S.W.2d 138, 140 (Tex.Civ.App.—Texarkana 1978, no writ). The district court's jurisdiction and authority in that regard did not depend upon the probate court's February 1988 order. Likewise, the probate court had jurisdiction to approve and settle claims against Stephen's estate. *See* TEX. PROB. CODE ANN. §§ 294–330 (Vernon 1980 and Vernon Supp.1990). To this extent the jurisdiction of the district court and the probate court was concurrent. *See United Services Life Insurance Company v. Delaney*, 396 S.W.2d 855, 863 n. 8 (Tex.1965). However, having first acquired jurisdiction, the district court's jurisdiction dominated that of the probate court. *See id.*

---

1. A claim for an attorney's fee was not then pending in the minor's estate when Malouf filed his pleading. However, the substance of the pleading and Malouf's argument at the hearing on his motion clearly questioned whether the probate court could vest the district court with authority to approve and disburse attorney's fees out of the minor's recovery and whether the amount of the fee awarded by the district court violated section 233 of the Probate Code. *See* TEX. PROB. CODE ANN. § 233 (Vernon 1980).

■ Thus, the portion of the judgment awarding and disbursing the attorney's fee was not void and, with no appeal of the action of the Dallas court of appeals, the judgment became final long before Malouf filed his motion in the probate court. A final judgment cannot be collaterally attacked unless it is void. *Ex parte Coffee*, 160 Tex. 224, 328 S.W.2d 283, 286 (1959). Consequently, Malouf's motion was properly denied by the probate court because it was an impermissible collateral attack on the district court's judgment. Point one is overruled.

Malouf's second point is based on section 233 of the Probate Code, which provides in part:

> Every personal representative of an estate shall use ordinary diligence to collect all claims and debts due the estate and to recover possession of all property of the estate to which its owners have claim or title, provided there is a reasonable prospect of collecting such claims or of recovering such property.... *Such representatives may enter into contract to convey, or may convey, a contingent interest in any property sought to be recovered, not exceeding one-third thereof, for services of attorneys and incidental expenses, subject only to approval of the court in which the estate is being administered.*

(Emphasis added). TEX. PROB. CODE ANN. § 233 (Vernon 1980). He contends the probate court had to grant his motion to disallow the forty-percent attorney's fee because section 233 mandatorily limited the contingent-fee contract to one-third of the recovery in the malpractice suit.

■ The contingent-fee contract, which was entered into prior to the guardianship proceeding being opened, was valid at the time of its execution. Section 233, which only binds a personal representative of an estate, was thus not applicable at the time the contract was executed, and cannot be retroactively applied to impair it. *See* TEX. CONST. art. I, § 16; *Sharber v. Florence*, 131 Tex. 341, 115 S.W.2d 604, 606 (1938). Point two is overruled.

The Mulaulas also contend that the doctrines of res judicata and collateral estoppel barred Malouf from relitigating the issue of the attorney's fee awarded by the district court. These doctrines were not applicable because he was neither a party to nor in privity with any party bound by the district court's judgment. *See Benson v. Wanda Petroleum Company*, 468 S.W.2d 361, 363 (Tex.1971). They also argue that Malouf, as a stranger to the guardianship, lacked standing in the probate court to question the attorney's fee. Their argument was rejected when this court refused to dismiss Malouf's appeal because of a lack of standing. *See* TEX. PROB. CODE ANN. § 113 (Vernon 1980). The judgment is affirmed.