Honorable John B. Holmes, Jr. Harris County District Attorney District Attorney's Building 201 Fannin, Suite 200 Houston, Texas 77002
Re: Authority of a local governmental body to pay for an item purchased under contract executed prior to the effective date of section 140.003 of the Local Government Code (RQ-2017)
Dear Mr. Holmes:
You ask whether section 140.003, Local Government Code, applies to a purchase, made with funds administered by the district attorney under article 59.06 of the Code of Criminal Procedure, where the contract was executed, and the goods delivered, prior to the effective date of the provisions of section 140.003, but payment has not yet been made. The provisions of section 140.003 were added in 1989 by section 1 of House Bill 1434. Acts 1989, 71st Leg., ch. 1250, § 1, at 5046. Section 22 of the act provides that the act takes effect September 1, 1989.
Section 140.003 requires that a "specialized local entity," defined in subsection (a) to include a "district or criminal district attorney," "shall purchase items in accordance with the same procedures and subject to the same requirements applicable to a county under subchapter C, chapter 262" of the Local Government Code. Subchapter C of chapter 262, known as the County Purchasing Act, imposes detailed requirements on county purchases, including the requirement that, with certain exceptions, purchases over a certain amount be made pursuant to competitive bids or proposals. See Local Gov't Code § 262.023.
Presumably, the cause of your concern is that the acquisition in question was not made in accordance with the requirements of the County Purchasing Act, which section 140.003 makes applicable to district attorney purchases as of September 1, 1989. You indicate that since the performance of the parties was not completed, by payment, prior to September 1, 1989, payment has to date been withheld out of a concern that making payment for the items after September 1, 1989, would violate section 140.003.
It appears that at the time the contract in question here was executed and the items delivered, purchases with district attorney funds administered under article 59.06 of the Code of Criminal Procedure were not subject to the competitive bidding and other requirements of the County Purchasing Act. Article 59.06 provides for the disposition of forfeited property by law enforcement agencies. See art. 59.01 et seq., Code Crim.Proc. (seizure and forfeiture of property used or intended to be used in the commission of certain offenses, or of the proceeds or property acquired with the proceeds gained from the commission of such offenses). Attorney General Opinion JM-783 (1987) indicated that purchases with forfeited funds, under V.T.C.S., article 4476-15, § 5.08, (now article 59.01 et seq., Code Crim.Proc.) were not subject to the requirements of the County Purchasing Act, then found at article 2368a.5, V.T.C.S.
You do not raise or provide us with sufficient facts to address issues as to the propriety generally of the use under article 59.06 of forfeited funds for the acquisition in question. We address here only the narrow legal question you raise: whether the purchase by the district attorney of items for which a contract was executed and of which delivery was taken, prior to the effective date of the provisions of section 140.003, but for which payment was not made before such date, is subject to the provisions of that section.
You suggest that application of section 140.003 to the transaction in question would violate the prohibition in article I, section 16 of the state constitution on retroactive laws or laws impairing the obligations of contracts. See also U.S. Const. art. I, § 10.
Assuming that the August 1989 contract in question was validly entered into and delivery of the subject merchandise properly taken in August, under the laws then in force, we agree that application to the transaction of the subsequently effective provisions of section 140.003 — so as to prevent or make subject to injunction,[1] the purchaser's performance, by payment of its obligations arising from such contract and delivery — would violate the prohibitions in article I, section 16 on retroactive laws or laws impairing the obligations of contracts. See, e.g., Hutchings v. Slemons, 174 S.W.2d 487 (Tex. 1943) (broker's oral contract entered into before effective date of statute of frauds pertaining to such contracts not subject to statute of frauds); Cardenes v. State, 683 S.W.2d 128 (Tex.Civ.App.-San Antonio 1984, no writ) (statute authorizing surety to receive a remitter of its bond under stated circumstances, was enacted subsequent to bond forfeiture in case and, since it would impair rights acquired by state under laws at time it entered into contract with surety, was not retroactive in application). See also Spires v. Mann,173 S.W.2d 200 (Tex.Civ.App.-Eastland 1943, writ ref'd) (broker's contract antedating statute of frauds provision); Attorney General Opinions JM-897 (1988) and JM-774 (1987) (imposition of fee by Veterans Land Board for delivery of paid-in-full deeds to purchasers under contracts not contemplating imposition of such fee).
That the contract in question here was made by a public entity does not remove it from the scope of the prohibitions of article I, section 16 of the Texas Constitution. Fazekas v. University of Houston, 565 S.W.2d 299 (Tex.Civ.App.-Houston [1st Dist.] 1978, writ ref'd n.r.e.), app. denied, 440 U.S. 952. Nor, we think, would application of section 140.003 to the transaction in question be in the nature of an exercise of police power or change in procedure or remedy which might be permissible under article I, section 16. See, e.g., Caruthers v. Bd. of Adjustment of City of Bunker Hill Village, 290 S.W.2d 340
(Tex.Civ.App.-Galveston 1956, no writ) (zoning); Commercial Ins. Co. of Newark, N.J. v. Lane, 480 S.W.2d 781 (Tex.Civ.App.-Dallas 1972, writ ref'd n.r.e.) (retroactive law making procedural or remedial change not invalid unless it impairs vested rights or takes away or unreasonably impairs litigant's remedy, right of action, or defense).
It might be suggested that the parties to the contract in question here were on notice at the time of its execution in August, 1989, that the provisions of section 140.003, approved by the governor on June 16, 1989, would take effect September 1, 1989. Addressing a similar situation, with regard to an act taking effect 90 days after adjournment of the legislature, the court in Purser v. Pool, 145 S.W.2d 942 (Tex.Civ.App.-Eastland 1940, no writ) stated that passage of an act does not give contracting parties "notice of anything. It did not operate as notice until it became a law ninety days after adjournment."
Again, we conclude in response to your question, that application of Local Government Code section 140.003 — requiring that district attorney purchases be made in accordance with the competitive bidding and other requirements of the County Purchasing Act — to a district attorney purchase for which the contract was executed and delivery of the subject merchandise taken prior to the effective date of the provisions of that section, would violate the prohibitions in article I, section 16 of the constitution on retroactive laws and laws impairing the obligations of contracts.
 SUMMARY
Application of Local Government Code section 140.003, which requires that district attorney purchases be made in accordance with the competitive bidding and other requirements of the County Purchasing Act, does not apply to a district attorney purchase for which the contract was executed and delivery of the subject merchandise taken prior to the effective date of the provisions of that section. Application of that provision in such situation would violate the prohibitions in article I, section 16 of the constitution on retroactive laws and laws impairing the obligations of contracts.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by William Walker Assistant Attorney General
[1] See Local Gov't Code § 262.033 (taxpayer may enjoin performance of contract made in violation of County Purchasing Act).