I. W. POPHAM V. J. M. PATTERSON, CHAIRMAN DEMOCRATIC EXECUTIVE COMMITTEE OF TRAVIS COUNTY.

No. 6188.  Decided June 11, 1932.
(51 S. W., 2d Series, 680.)

616

*White, Taylor & Gardner,* of Austin, for appellant.

The Act of the 5th Called Session of the 41st Legislature known as Senate Bill No. 31, Chapter 61, approved March 20, 1930, purporting to extend the term of office of county superintendents of public instruction, is void because: It does not purport to either amend or repeal Article 2688, Revised Statutes, providing that the commissioners' courts of the various counties having scholastic population of 3,000 or more shall provide for the election of the county superintendents at each general election who shall hold office for a period of two years, and prescribing their qualifications, etc. Said Act and Article 2688 cannot stand together. Missouri, K. & T. Ry. Co. v. State, 100 Texas, 420, 100 S. W., 766; State v. Brockelman, 240 S. W., 209; Clark v. Finley, 93 Texas, 171, 54 S. W., 343; Snyder v. Compton, 87 Texas, 374, 28 S. W., 1061.

The Legislature has no power or authority to extend the term of office of an incumbent who was elected for a definite term before the taking effect of the Act undertaking to extend such term. If the Legislature has any such authority it can extend indefinitely the term of office of officers of this State without the vote or consent of the people. Hensley v. Plaster, 105 N. W., 1092, 3 L. R. A. (N. S.), 887 and cases cited; Eldred v. Palmer, 47 N. E., 1084; State v. Maury, 118 Texas, 449; Maury v. McCall, 22 S. W. (2d) 348.

*Ben H. Powell, Hart, Paterson & Hart, E. F. Smith, Smith, Brownlee & Goldsmith,* all of Austin, *James V. Allred,* Attorney General, and *Scott Gaines,* Assistant Attorney General, for appellee.

The Act passed by the Legislature in the spring of 1930 is susceptible of no other reasonable construction than that the lawmakers intended to provide that county superintendents elected in November, 1930, should serve for a four year term beginning January 1, 1931.

The Legislature did not intend by Act of 1931 (Chapter 357), to shorten the four year terms of county superintendents elected in November, 1930. Ex parte Segars, 25 S. W., 27;

Gunter v. Texas Land & Mortgage Co., 82 Texas, 496; State v. Superior Court, 119 Wash., 73.

MR. JUDGE CRITZ of the Commission of Appeals delivered the opinion for the Court.

This case is pending in the Supreme Court on a certified question from the Court of Civil Appeals for the Third Supreme Judicial District of Texas at Austin, Texas. The certificate is as follows:

"TO THE SUPREME COURT OF TEXAS:

"The above case is pending in this court on appeal from the District Court of Travis County, 126th Judicial District. The question herein certified is material to a decision of the appeal, and grew out of the nature and result of the suit and the facts disclosed by the record before us, which, in so far as deemed material to this certificate, follows:

"Travis County has more than 3,000 scholastics, and a population of less than 350,000 inhabitants according to the last available Federal Census. It has a County Superintendent now holding office, who was elected at the general election in 1930. Appellant, a resident citien of Travis County, and in every way qualified to hold the office of County Superintendent, and in every way qualified to become a candidate for the nomination to said office by the Democratic Party, made application, in all respects conforming to law and the regulations of the Democratic Party, to appellee, the County Chairman of the Democratic Executive Committee of Travis County to have his, appellant's, name placed upon the official ballot as candidate for County Superintendent of Travis County, in the Democratic Primary election to be held July 23, 1932.

"Appellee refused to accept the application and refused to present same to the Executive Committee at any time, basing his refusal upon "the sole and only reason that the State Democratic Executive Committee has ruled that the present incumbent's term of office does not expire until December 31, 1934, and I feel obligated to follow the ruling of said Committee."

"The controversy thus raised grows out of the following circumstances: Revised Statutes, Art. 2688, provides a two-year term of office for all county superintendents. By chapter 61, p. 207, General Laws 5th Called Session 41st Legislature, the term of office of all county superintendents chosen by popular election was made four years; and the Act provided that it should become effective January 1, 1931. The Act made

no reference to Article 2688. At the regular session of the 42nd Legislature, Art. 2688 was amended by House Bill 904, which appears to have been passed both as a general and special law (Genl. Laws, chap. 357, p. 849; Special Laws, chap. 212, p. 426). This amendment re-enacts Art. 2688 in identical language, adding at the end the following:

" 'Provided, that in all counties having a population in excess of three hundred and fifty thousand (350,000) inhabitants according to the last available Federal Census the County Superintendent shall be appointed by the County Board of Education and shall hold office for two (2) years, provided further, that this provision shall not operate so as to deprive any elected Superintendent of his office prior to the expiration of the term for which he has been elected.'

"The Attorney General in an opinion of date November 5, 1931, delivered to the Honorable S. M. N. Marrs, State Superintendent of Public Instruction, held that the above amendment to Art. 2688, repealed Chap. 61, Acts Fifth Called Session 41st Legislature, thus restoring the term of office of county superintendents to two years; but that since the amendment did not either expressly or by clear implication apply to county superintendents then holding office, the amendment did not so apply; and therefore that all county superintendents who were holding office under said Chap. 61 for a term of four years beginning January 1, 1931, were not affected by the amendment. This opinion was confirmed on May 18, 1932, in a letter from the Attorney General to the present State Superintendent, Honorable C. N. Shaver.

"The ruling of the State Democratic Executive Committee adhered to by appellee, is based upon the Attorney General's opinion.

"The present suit was by appellant to compel appellee by mandamus to accept his application and present it to the Democratic Executive Committee of Travis County, within the time provided by law. The trial court's judgment denied the sought relief, and the appeal is from this judgment.

"Because of the great public importance of the controversy thus raised and the manifest urgent necessity of having a judicial determination thereof by the Supreme Court as soon as practicable, we deem it advisable and our duty to certify for your decision the following question:

"Does the term of office of the present County Superintendent of Schools of Travis County expire two years after January 1, 1931."

OPINION.

The question above propounded involves the proper construction and interpretation of the following constitutional and statutory provisions:

Section 16, Article 7, State Constitution, which reads as follows:

"The Legislature shall fix by law the terms of all offices of the public school system and of state institutions of higher education, inclusive, and the terms of the members of the respective boards not to exceed six years."

Article 2688, R. C. S., 1925, which reads as follows:

"The commissioners court of every county having three thousand scholastic population or more as shown by the preceding scholastic census, shall at each general election provide for the election of a county superintendent to serve for a term of two years, who shall be a person of educational attainments, good moral character, and executive ability, and who shall be provided by the commissioners court with an office in the court house, and with necessary office furniture and fixtures. He shall be the holder of a teacher's first grade certificate, or teacher's permanent certificate. In every county that shall attain three thousand scholastic population or more, the commissioners court shall appoint such superintendent who shall perform the duties of each office until the election and qualification of his successor. In counties having less than three thousand scholastic population, whenever more than twenty-five per cent of the qualified voters of said county, as shown by the vote for Governor at the preceding general election, shall petition the commissioners court therefor, said court shall order an election for said county to determine whether or not the office of county superintendent shall be created in said county; and if a majority of the qualified property taxpaying voters, voting at said election, shall vote for the creation of the office of county superintendent in said county, the commissioners court, at its next regular term after the holding of said election, shall create the office of county superintendent, and name a county superintendent, who shall qualify under this chapter, and hold such office until the next general election. (Acts 1905, p. 263; Acts 1907, p. 210)."

Chapter 61, Acts 5th Called Session, 41st Legislature, which reads as follows:

## "TERMS OF COUNTY SUPERINTENDENTS.

S. B. No. 31.                     Chapter 61

"An Act to extend the term of office of elective county superintendents of public instruction to four years, and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1.   In all counties in which the county superintendent of schools is chosen by popular election the term of office shall be four years.

"Section 2.   This Act shall take effect January 1, 1931.

"Section 3.   The importance of this legislation creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and the same is hereby suspended, and that this Act be in force and take effect from and after its passage, and it is so enacted.

"Approved March 20, 1930.

"Effective January 1, 1931.

"(Note—S. B. No. 31 passed the Senate by a vote of 11 yeas, 5 nays, 6 pairs; passed the House by a viva voce vote.)"

Acts 1931, 42nd Legislature, Special Laws, page 426-427, ch. 212, which is as follows:

### "Chapter 212.

"An Act amending Article 2688, Revised Statutes of Texas, 1925, and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1.   That Article 2688, Revised Statutes of Texas, 1925, be amended so as to hereafter read:

" 'Article 2688.   Office Established.—The Commissioners' Court of every county having three thousand (3,000) scholastic population or more as shown by the preceding scholastic census, shall at each General Election provide for the election of a county superintendent to serve for a term of two (2) years, who shall be a person of educational attainments, good moral character, and executive ability, and who shall be provided by the Commissioners' Court with an office in the Courthouse, and with necessary office furniture and fixtures.   He shall be the holder of a teacher's first grade certificate or teacher's permanent certificate.   In every county that shall attain three thousand (3,000) scholastic population or more the Commissioners' Court shall appoint such Superintendent who shall perform the duties of such office until the election and qualification of his successor.   In counties having less than three thou-

sand (3,000) scholastic population whenever more than twenty-five per cent (25%) of the qualified voters of said county as shown by the vote for Governor at the preceding General Election shall petition the Commissioners' Court therefor, said Court shall order an election for said county to determine whether or not the office of County Superintendent shall be created in said county; and, if a majority of the qualified property taxpaying voters voting at said election shall vote for the creation of the office of County Superintendent in said county, the Commissioners' Court, at its next regular term after the holding of said election, shall create the office of County Superintendent, and name a County Superintendent who shall qualify under this Chapter and hold such office until the next General Election. Provided, that in all counties having a population in excess of three hundred and fifty thousand (350,000) inhabitants according to the last available Federal Census the County Superintendent shall be appointed by the County Board of Education and shall hold office for two (2) years, provided further, that this provision shall not operate so as to deprive any elected Superintendent of his office prior to the expiration of the term for which he has been elected.'

"Sec. 2. The fact that there is need to change the method of selecting the County Superintendent in counties affected by this Act creates an emergency, and an imperative public necessity that the Constitutional Rule requiring all bills to be read on three several days, be and the same is, hereby suspended, and that this Act take effect and be in force from and after its passage; and it is so enacted.

"Approved May 26, 1931.

"Effective 90 days after adjournment.

"(Note: H. B. No. 904 passed the House by a viva voce vote; passed the Senate by a viva voce vote.)"

We shall hereafter refer to the Act of the 41st Legislature, supra, as the 1930 Act and the Act of the 42nd Legislature, supra, as the 1931 Act.

It will be noted that Article 2688, R. C. S., 1925, supra, which was originally enacted in 1905, fixed the terms of office of county school superintendents at two years. It will also be noted that the 1930 Act, supra, had effect to increase the terms of office of elective county superintendents from two to four years. It will further be noted that Section 16 of Article 7 of our State Constitution, supra, confers on the Legislature the power to fix by law the terms of all officers of our public school system, provided such term shall not be fixed at exceed-

ing six years. It will finally be noted that the 1931 Act, supra, has the general effect to again fix the terms of office of elective county school superintendents at two years.

■ From the above it is evident that the answer to the question ceritfied involves three primary questions:

1. Did the Act of 1930 have the effect to increase the terms of county superintendents elected at the November, 1930, election, who, under the provisions of Article 17, R. C. S., 1925, took office January 1, 1931, from two to four years?

2. Does the Act of 1931, supra, repeal the Act of 1930, in so far as it relates to the terms of office of elective county school superintendents?

3. If the Act of 1931 repeals the Act of 1930, in so far as it relates to such terms of office, does it also have the effect of reducing the terms of office of county superintendents elected at the general election in November, 1930, to take office January 1, 1931, from four back to two years?

The office of county school superintendent is not a Constitutional office, but is purely statutory. It therefore follows that it comes within the provisions of Section 16, of Article 7, of our State Constitution, supra, and the Legislature has the power to fix the term thereof at any length of time not exceeding six years.

Since the office of county superintendent is purely statutory, the Legislature also has the power to either shorten or lengthen the term thereof, and make the Act doing so apply to those in office at the time the Act becomes effective. Mecham on Public Officers, secs. 388 and 389; 46 C. J., p. 966, par. 106; Stanfield v. State, 83 Texas, 317, 18 S. W., 577. Of course this rule does not apply to constitutional offices, whose terms are fixed by the Constitution. Cowell v. Ayres, 110 Texas, 348, 220 S. W., 764.

■ Appellee contends that the Act of 1930 cannot be given effect to extend the terms of county superintendents elected at the November, 1930, election to take office on January 1, 1931, from two to four years, because to do so would be to give such law a retroactive effect and apply its terms before it became a law. We do not agree to this contention.

In construing statutes it is the duty of the Court to ascertain the legislative intent, and when such intent is once arrived at it should be given effect; in fact, such intent is the law. In determining the legislative intent the Court should not look alone to any one phrase, clause or sentence of the Act,

but to the entire Act; and this includes the caption, the body of the Act, and the emergency clause. In this connection we hold that even when the emergency clause cannot be given effect as such, still its provisions may be looked to if they aid the Court in ascertaining the legislative intent.

When we apply the above rules to the 1930 Act, supra, it becomes evident that the clause therein "This Act shall take effect January 1, 1931," does not mean that the Act did not become a law until January 1, 1931, but merely means that it did not have effect to lengthen terms of office until such date. In other words, if the Act had not contained the clause just quoted its effect would have been to lengthen the terms of those already in office, from two to four years, and would have done away with the election of elective county superintendents at the November, 1930, election.

■ We think that the above construction of the 1930 Act is rendered certain by the terms of its emergency clause, which provides that it shall take effect from and after its passage. It is true that the Act did not pass with the recorded vote required to put it into immediate effect, but had the Legislature intended that the Act should not become a law until January 1, 1931, there would have been no purpose in having an emergency clause at all. Had the Act passed by the recorded vote required to put it into immediate effect, all persons interested would have had immediate notice that county superintendents elected in November, 1930, to take office January 1, 1931, would hold a four year term. As the Act did not get the required recorded vote to put it into immediate effect this notice did not become operative until the Act became a law, which was ninety days after the adjournment of the Legislature or about June 20, 1930.

Appellee contends that the 1930 Act could not be effective as notice until it became a law, citing Missouri, K. & T. Ry. Co. v. State, 100 Texas, 420. We agree with this contention. No Act of the Legislature is operative as notice until it becomes a law, but it is so operative as soon as it does become a law. Since this Act became a law, about June 20, 1930, it operated as notice from that date forward. This holding is in entire harmony with the holding in Missouri, K. & T. Ry. Co. v. State, supra.

■ It is evident that we hold that the Act of 1930, became a law ninety days after the Legislature adjourned on March 20, 1930, or about June 20, 1930, and that its legal effect was to

provide that elective county superintendents elected at the November, 1930, General Election to take office January 1, 1931, should hold office for four year terms.

■ As to the question whether the Act of 1931 repeals the Act of 1930, we are of the opinion that it does. In this connection it will be noted that the Act of 1931, is a later Act, and in so far as prescribing the terms of office is concerned, it absolutely conflicts with the 1930 Act. The former Act fixes the term of office at four years, while the latter Act fixes such term at two years. The Act of 1931 does not mention that of 1930, but in so far as the term of office is concerned the two acts are absolutely antagonistic to each other. It follows that the latter Act repeals the former by implication.

■ Notwithstanding the fact that the 1931 Act repeals that of 1930, still it is evident that it does not have effect to shorten the term of office of elective county school superintendents elected at the November, 1930, election to take office January 1, 1931. This is because the latter Act expressly provides: "Provided further, that this provision shall not operate so as to deprive any elected superintendent of his office prior to the expiration of the term for which he has been elected." This provision has legal effect to prevent the 1931 Act from shortening the terms of office of those who took office January 1, 1931.

■ It is contended that the clause or provision in the 1931 Act just above quoted only applies to, and limits the clause or sentence just preceding it, and therefore only has effect to preserve the rights of those elected to the office of county superintendents in counties having a population in excess of 350,000 inhabitants. We are frank to admit that according to strict grammatical rules such contention is correct, but we do not apply strict grammatical rules in interpreting statutes, when to do so would violate the evident legislative intent. When we consider that this statute, barring the emergency clause, contains but one section, and when we further consider the Act as a whole, and the fact that no good reason can be given for saying that the Legislature intended to preserve the rights of those elected to office in counties containing a population in excess of 350,000 inhabitants, but did not intend to do so as to those elected to office in the other counties of the State, it is evident that the Legislature intended the phrase, "this provision" etc. to include all who should be affected by the Act.

■ Appellee contends that the Act of 1930 is void because in

violation of Section 36, Article 3 of our State Constitution. The section referred to reads as follows:

"No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length."

We think the Act not in violation of the above constitutional provision. It is true that the Act of 1930 does have effect to change Article 2688 in part; the change being to fix the term of office of county school superintendents at four instead of two years, but the mere fact that a later Act amends a former Act by implication does not render the later Act repugnant to the above constitutional provision. Cooley's Constitutional Limitation, 8th Ed., Vol. 8, p. 315; Sutherland on Statutory Construction, 2d Ed., vol. 1, p. 446.

Finally, we do not wish this opinion to be understood as affirmatively holding that that part of the 1931 Act which provides for the appointment of County School Superintendents in counties of more than 350,000 population is constitutional. That question is not before us and we express no opinion thereon.

The question propounded by the Court of Civil Appeals should be answered "No."

Also on account of the shortness of the time yet to intervene before the County Executive Committee of Travis County will be required to make up the primary ballot both parties hereto have waived the right to file motions for rehearing. The above answer should therefore be certified to the Court of Civil Appeals at once.

The foregoing opinion is adopted and ordered certified at once.

C. M. CURETON, Chief Justice.