

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ben J. Dean
District Attorney
Breckenridge, Texas

Dear Sir:

Overruled by *Anderson* s. *Peavy*
*164 S. W. 2d 455 (Supreme Ct.)*

Opinion No. O-4279
Re: Is House Bill 161, Acts of
the Forty-seventh Legisla-
ture, Regular Session, 1941,
constitutional, and other
questions?

Your letter of recent date requesting the opinion
of this department on the questions stated therein reads as
follows:

"I have before me copy of a letter dated
December 13, 1941, from Ruben Loftin, Assistant
District Attorney of Young County, presenting
a question and constituting an argument with
reference to H. B. No. 161, passed by the Forty-
seventh Legislature, regular session, 1941, and
carried forward in General and Special Laws,
page 1386.

"It appears from this act that the same was
passed and sent to the Governor and was recalled
by virtue of H. C. R. No. 249 (General and Spe-
cial Laws 1941, page 1549). By virtue of H. C. R.
No. 261 it was resolved that the enrolling clerk
be instructed to correct H. B. No. 161, 'so as to
appear in the form attached hereto' (General and
Special Laws 1941, page 1550).

"Section 30, Article 3, of the Constitution,
provides that no law shall be passed except by
bill. In the case of Humble Oil and Refining Co.
v. State, 104 S. W. (2) 74, it is held that a
statute can not be amended by resolution.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ben J. Dean, Page 2

"Section 6 of H. B. No. 161 provides, 'this act shall take effect and be in operation on and after January 1, 1943.'

"Cases cited in the letter from Mr. Loftin, Assistant District Attorney of Young County, are to the effect that where the operation of a statute is postponed that it may be a law for the purpose of notice prior to the postponed date, but it actually takes effect as of the date to which it was postponed.

"In the case of Popham v. Patterson, 51 S. W. (2) 680, cited in Mr. Loftin's letter, the court said in construing statutes, 'it is the duty of the court to ascertain the legislative intent, and, when such intent is once arrived at it shall be given effect; in fact, such intent is the law.'

"It is my construction that what the court meant by notice was that a citation for instance, say in a tax suit returnable to the next term, filed say December 20, 1942, would command the defendant to appear before the 90th Judicial District at its next term in February, 1943, and would not have the effect of actually enlarging the 90th Judicial District to include Young County until the effective date of the act.

"Article 5, Section 21, of the Constitution provides that the Legislature may provide for the election of District Attorneys.

"Article 322, R. S., provides that a District Attorney shall be elected in the 90th Judicial District. H. B. No. 161 makes no provision for the election of District Attorney different from the provisions contained in Article 322, R. S.

"It has been held that the Legislature has power to postpone the taking effect of a law. Chambers v. Baldwin, 274 S. W. 1011 (reversed on another point, 282 S. W. 793); to the same effect 39 Tex. Jur., p. 50, 51.

Honorable Ben J. Dean, Page 3

"'With reference to the construction of a statute:

"''Primarily the intention and meaning of the Legislature must be ascertained from the language of the statute read as a whole, that is, from the entire context of the law. If the statutory language clearly and distinctly reveals the legislative intent, there is no occasion to look elsewhere.' 39 Tex. Jur., p. 176 (Sec. 93).'

"Intent of the Legislature is the primary consideration in the construction of a statute. But one of the canons of construction in arriving at intent is to attribute some significance to each part of the act under consideration.

"It will be noted that H. B. No. 161 provides:

"'The District Judge and District Attorney of the Ninetieth Judicial District now elected and acting as such shall continue to hold the offices of District Judge and District Attorney of the Ninetieth Judicial District in and for Stephens County and Young County, until the terms for which they have been elected expire and until there have been elected and qualified successors thereto.'

"It is apparent from the above provision of the statute under consideration that the Legislature intended that there should be tenure of office before election to office. The question then remains whether the tenure of office would be before the election in 1942 or before the election in 1944. If the tenure before election intended was the tenure before election in 1942, then it would appear that the District Attorney of Stephens County is now the District Attorney of Young County and qualified to act as such in said county. If the intent was that the tenure of office should be prior to the election in 1944, then such construction would be in harmony with the general purpose of the statute, which was to postpone its operation and effect until 1943, the act itself contemplating that there would have to be an election

in 1942 and that the tenure before election would be from the beginning of the act in 1943 until the election in 1944.

"I should like to ask you the following questions:

"(a)   Is H. B. No. 161 constitutional?

"(b)   In the light of the holding in the Popham case that the intent of the Legislature controls in the construction of an act and the provision of the act that it shall be in operation on and after January 1, 1943, is the District Attorney of the 90th Judicial District, at this time composed of Stephens County, elected by the people of Stephens County in 1942 or by the people of Stephens and Young Counties?

"(c)   If you answer that the people of Stephens and Young Counties should elect the District Attorney for the 90th Judicial District in 1942, then please advise whether or not the District Judge can hold court in Young County prior to January 1, 1943, the effective date of H. B. No. 161.

"(d)   If you have answered that the tenure of office referred to under Section 2 of H. B. No. 161 means tenure before election in 1942 and not tenure before election in 1944, then please advise if the District Attorney of the 90th Judicial District, as now composed of Stephens County, would at this time be entitled to perform the functions of District Attorney of both Young and Stephens Counties?"

House Bill No. 161, supra, is an act reorganizing the 30th, 90th, and 97th Judicial Districts of the State of Texas; providing for the holding of the District Courts and terms in said Judicial Districts respectfully and further providing that all process and writs heretofore issued, and that all recognizances and bonds heretofore made and executed and returnable to the existing terms of District Courts

in the counties comprising said Districts, together with jurors heretofore selected, are valid and returnable to the first term of such Court after this act takes effect; providing that the County Attorneys of the respective counties within the said 97th Judicial District shall perform the duties of District Attorneys in their counties as well as the duties now performed by them, and providing fees of office for such County Attorneys; providing for the jurisdiction of said District Courts and providing for the continuance of the existing District Courts of said counties in session when this act takes effect to the end of their terms, providing the effective date of the act; repealing all conflicting laws and declaring an emergency.

By the express terms of House Bill No. 161, supra, the County of Wichita shall hereafter constitute and be the 30th Judicial District of the State of Texas. The Counties of Stephens and Young shall hereafter constitute and be the 90th Judicial District of the State of Texas and the Counties of Archer, Clay and Montague shall hereafter constitute and be the 97th Judicial District of the State of Texas.

By H. C. R. No. 261, House Bill No. 161, was corrected. Said H. C. R. No. 261 reads as follows:

"Be it resolved by the House of Representatives, the Senate concurring, that the enrolling clerk of the House be instructed to correct House Bill No. 161 so as to appear in the form attached hereto." (Filed Secretary of State, July 25, 1941)

The first question presented in your inquiry is "Is House Bill No. 161 constitutional?". From the facts stated in your letter it is apparent that this question is raised by virtue of H. C. R. No. 261, supra.

It is stated in Texas Jurisprudence, Vol. 39, p. 112 "corrections may be made in a bill at any time before it is signed by the presiding officers of the respective houses. And there is nothing in the Constitution that prohibits either or both of the houses of the Legislature, with the consent of the Governor, from recalling a bill that has been passed and transmitted to the Governor, before he has in any way acted thereon, for the purpose of correction and amendment".

Honorable Ben J. Dean, Page 6

It is further stated in Texas Jurisprudence, Vol. 39, pp. 12 and 13:

"A resolution is a form of expression, of temporary effect, by which a legislative body, or one of its branches, states its opinion or will in respect of a given matter or thing. The Constitution recognizes the right of the Legislature to express itself by resolutions, and applies to their adoption the same 'rules, provisions and limitations' as those which govern the passage of statutes, except as to the caption and enacting clause. Doubtless a resolution may be adopted in aid of a statute. Thus clerical errors in an act which has passed in both houses of the Legislature may be corrected by a concurrent resolution, especially where the bill has not been signed by the presiding officer of either house. But the effective date of an act which has been approved by the executive and has already taken effect cannot be postponed by a joint resolution. Even when a resolution is adopted by both branches of the Legislature, it is not a law, though it may, for some purposes, have the same binding effect as a statute when approved by the Governor. In construing a resolution it will be considered as a whole and in view of its general purpose."

In Louis Southerland's Statutory Construction, Vol. 1, 2nd Edition, page 53, we find the following language:

"If the enrollment or original record of the statute is regular on its face; that is, if the act is framed with no infirmity on its face, is duly promulgated, or properly authenticated and deposited in the proper office, it is conclusively presumed to have been regularly enacted; the record is invulnerable to collateral attacks and proves itself. This is the rule in several states having constitutions regulating the legislative procedure and requiring legislative journals to be kept . . . ."

Quoting further from Southerland's Statutory Construction, Vol. 1, 2nd Addition, page 66, it is stated:

"The same ruling has been made in each of these cases. The Texas Supreme Court says 'Our constitution provides that, after the passage of a bill, it shall be signed by the presiding officer of each house in presence of the house; and we are of the opinion that when a bill has been so signed, and has been submitted to and approved by the Governor, it was intended that it should afford conclusive evidence that the act has been passed in the manner required by the constitution. Such being the rule of the common law, we think, in the absence of something in the constitution expressly showing a contrary intention, it is fair to presume that the same rule should prevail in this State. There is no provision in the constitution indicating in any direct manner such contrary intention; and the fact that it is provided that journals shall be kept and that certain things should be entered therein we think insufficient to show any such purpose'. (Williams vs. Taylor, 19 S. W. 156)

". . . . The earlier cases in South Carolina supported the contrary doctrine, but these were overruled in State vs. Chester (39 S.C. 307) wherein the Court says 'We announce that the true rule is, that when an act has been duly signed by the presiding officers of the general assembly, in open session in the Senate-House, approved by the Governor of the State, and duly deposited in the office of the Secretary of State, it is sufficient evidence, nothing to the contrary appearing on its face, that it passed the general assembly, and that it is not competent either by the journals of the two houses, or either of them, or by any other evidence, to impeach such an act. And this being so, it follows that the Court is not at liberty to inquire into what the journals of the two houses may show as to the successive steps which may have been taken in the passage of the original bill." (Also see the case of Field v. Clark, 143 U. S. 649; Blessing v. Galveston, 42 Tex. 641; Houston, etc. R. R. Co. vs. Odum, 53 Tex. 343)

Honorable Ben J. Dean, Page 8

After carefully considering House Bill No. 161, supra, we do not think that said act violates or contravenes any provision or provisions of the State Constitution. Therefore, it is our opinion that House Bill No. 161, supra, is constitutional.

In answer to your second question, in view of the holdings in the cases of Popham v. Patterson, 51 S. W. (2d) 680; United States Employers Casualty Co. vs. Skinner, et al, 141 S. W. (2d) 995; and Copus vs. Chorn, 150 S. W. (2d) 70, it is our opinion that House Bill No. 161, supra, shall be in operation on and after January 1, 1943. It is our further opinion that the District Attorney for the 90th Judicial District must be elected by the people of Stephens County in 1942 and that the people of Young County are legally entitled to vote for the District Attorney of the 30th Judicial District.

In reply to your third question, you are respectfully advised that the District Judge of the 90th Judicial District cannot legally hold court in Young County prior to January 1, 1943.

With reference to your fourth question, you are respectfully advised that it is our opinion that the District Attorney of the 90th Judicial District is not legally entitled to perform the functions of District Attorney in Young County until January 1, 1943.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 21, 1942

ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:mp


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN