

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 8, 1950

Hon. D. W. Miles, N.D., President
Texas State Board of
  Naturopathic Examiners
Houston, Texas

Opinion No. V-1128.

Re: Authority of the State
    Board of Naturopathic
    Examiners to collect a
    license fee of $50.00
    from all applicants who
    are licensed other than

Dear Sir:
    by examination.

      Your request for an opinion is substantially as
follows:

      "We desire the opinion of your office
regarding the legality of the State Board
of Naturopathic Examiners' requiring all
persons licensed under the provisions of
Article 4590d, V.C.S., other than those
licensed after passing an examination, to
pay a registration or license fee of fifty
dollars.

      "At the first meeting of the Board,
which was held in November, 1949, it adopt-
ed a resolution requiring all persons li-
censed under the provisions of Article
4590d, V.C.S. to pay a registration or li-
cense fee of fifty dollars, except in in-
stances where the license was granted after
examination. Such fees were to be used in
defraying the expenses incurred in licens-
ing qualified applicants and in aiding in
the enforcement of the statutes of Texas
regulating the practice of naturopathy.
The Board estimated that the probable ex-
pense of licenses, printing, stationery,
per diem, travel, regulation, supervision
and other connected expenses would total
about Fifty ($50.00) Dollars per licensee.
After the above resolution was adopted,

the Board adopted and approved the application for license form under the above provisions. The form adopted and used required all such licensees to pay the above fee. The Board construed the first sentence of Section 3, article 4590d V.C.S. and the next-to-last sentence of Section 1, article 4590d V.C.S. as authorizing the above action.

"All licensees under the above provision have remitted in the above amount as a registration or license fee, and the authority of the Board in requiring said fee has not been challenged by any member of the profession. However, the State auditor's office has requested that we secure your opinion relative to the legality of the above."

Section 1 of Article 4590d, V.C.S., provides in part:

". . . The Board may prescribe administrative rules and regulations, in harmony with the provisions of this title governing its own proceedings and the examinations of applicants for the practice of naturopathy. . . ."

Section 3 of Article 4590d, V.C.S., provides in part:

"The State Board of Naturopathic Examiners may, in the discretion of the Board in each instance, upon payment by the applicants for registration of a fee of Fifty Dollars ($50) grant license to practice naturopathy to any reputable naturopathic physician who is a graduate of a reputable naturopathic college or has qualified on examination for the license of naturopathic qualification for a commission as a naturopathic physician in the Medical Corps of the United States Army or Navy and to licentiates of other States or Territories having requirements for naturopathic registration and practice equal to those established by this Law. . . ."

Section 12 of Article 4590d, V.C.S., provides:

"Any naturopathic physician who has been practicing naturopathy in this State for three (3) years next preceding the passage of this Act and when membership was not fraudulently obtained, shall be granted a license under the provisions of this Act, provided however, that any naturopathic physician having resided in Texas three (3) years and having practiced naturopathy for one (1) year in Texas next preceding the passage of this Act will not be required to have a certificate of proficiency from the Minimum Standards Board as a prerequisite for obtaining such naturopathic license; naturopathic physicians in practice in this State for more than one (1) year, but less than three (3) years, shall be examined in theory, philosophy, pathology, practice, symptomatology, and diagnosis, peculiar to naturopathy; all naturopathic physicians who have been in practice in this State for less than one (1) year shall be required to take examinations as provided in Section 8 hereof."

It is well settled as a rule of statutory construction in this State that it is proper to look to all parts of a legislative Act to ascertain its proper construction and meaning, that is, to ascertain the legislative intent. It is the legislative intent that is the law. In applying this rule courts will not look alone to one phrase, clause, or sentence of an Act, but to the entire Act, and this includes the caption, the body of the Act, and the emergency clause. Trawalter v. Schaefer, 142 Tex. 521, 179 S.W.2d 765 (1944); Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680 (1932). This being true, Sections 3 and 12 of Article 4590d will be considered together, and when considered together it is reasonable to conclude that the Legislature intended that a license fee of $50.00 be exacted of all persons licensed under the provisions of Article 4590d, except where such license was granted after an examination.

Since the enactment of the provisions under discussion, the State Board of Naturopathic Examiners has followed the practice of requiring all persons licensed under the provisions of Article 4590d to pay a

license fee of $50.00, except where such license was granted after examination. In fact, a resolution was adopted by the Board in November of 1949 requiring such license fee. As previously observed, such a construction is reasonable and sound. Furthermore, the statute being somewhat ambiguous the departmental construction placed on the Act with respect to the requirement of license fees should be followed unless clearly wrong. San Antonio Union Junior College Dist. v. Daniel, 146 Tex. 241, 206 S.W.2d 995 (1947); Texas Employers' Insurance Ass'n v. Holmes, 145 Tex. 158, 196 S.W.2d 390 (1946).

In view of the foregoing it is our opinion that the Act in question (Art. 4590d, V.C.S.) authorizes the State Board of Naturopathic Examiners to collect a license fee of $50.00 from each applicant who is licensed other than by examination.

## SUMMARY

Article 4590d, V.C.S., authorizes the State Board of Naturopathic Examiners to collect a license fee of $50.00 from all applicants who are licensed other than by examination.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

BW:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Waldrep
Burnell Waldrep
Assistant