

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 12, 1951

Hon. James W. Miller  
County Attorney  
Dallam County  
Dalhart, Texas

Opinion No. V-1283

Re: Interpretation of House Bill 581, Acts 52nd Leg., R.S. 1951, respecting punishment of minors for driving while intoxicated.

Dear Sir:

Your recent request is for an opinion reconciling the provisions of House Bill 581, Acts 52nd Leg., R.S. 1951, ch. 436, p. 786, codified as Article 802d, V.P.C., with the provisions of Article 2338-1, V.C.S. You also indicate concern as to whether there is a conflict between the penalty provisions of House Bill 581 and those in Article 802, V.P.C.

House Bill 581 creates the misdemeanor offense of driving a motor vehicle upon public roads, highways, streets, etc., "in a reckless manner, at an excessive rate of speed, or while under the influence of intoxicating liquors," as defined, when committed by minors fourteen through sixteen years of age. It provides for a fine of not less than $1.00 nor more than $50.00 upon conviction.

Article 2338-1 is a comprehensive statute which substitutes juvenile courts for criminal courts to deal with any child of a designated age who violates any law or ordinance or is otherwise within the provisions of the statute. It sets forth comprehensive provisions for the handling, care, and disposition of such children. It applies to female children over ten and under eighteen years of age and male children over ten and under seventeen years of age.

You are particularly concerned with ascertaining the proper court in which to institute action against a minor who violates House Bill 581.

House Bill 581 provides, in so far as pertinent, as follows:

"Section 1. Any minor who has reached his or her fourteenth (14th) birthday but has not reached his or her seventeenth (17th) birthday and who drives or operates an automobile or any other motor vehicle upon any public road or

highway in this State, or upon any street or
alley within the limits of an incorporated
city, town or village, in a reckless manner,
at an excessive rate of speed, or while under
the influence of intoxicating liquors, as here-
inafter defined in this Act, shall be guilty
of a misdemeanor and upon conviction shall be
punished by a fine of not less than One Dollar
($1) nor more than Fifty Dollars ($50).

". . . . .

"Sec. 3.  Provided that for good cause
shown, and when it shall appear to the satis-
faction of the court that the ends of justice
and the best interest of the public as well
as the defendant will be subserved thereby,
the courts of the State of Texas having orig-
inal jurisdiction of such criminal actions
shall have the power after conviction or plea
of guilty to suspend the imposition of such
fine and may place the defendant on probation
for a period of ninety (90) days.

"Any such minor placed on probation shall
be under the supervision of such court.

"Sec. 4.  Nothing contained in this Act
shall be construed to repeal or affect any
other Statutes regulating the powers and du-
ties of Juvenile Courts; the provisions of
this Act shall be comulative with all other
Acts on this subject."

The provisions of House Bill 581 are clear and specific
and, but for Section 4 thereof, any conflicts between it and a
prior statute would result in an implied repeal of the earlier
statute to the extent of the conflict. Popham v. Patterson, 121
Tex. 615, 51 S.W. 2d 680 (1932);  Att'y Gen. Ops. V-1041 (1950)
and V-990 (1950).  It is also clear that, unless prevented by the
effect of Section 4, those courts normally having jurisdiction of
misdemeanor offenses punishable by fine only of $50.00 or less
would have jurisdiction of cases involving violation of its pro-
visions.

It is our opinion that to construe House Bill 581 as
providing for the prosecution of the offenses listed therein in
the same manner as any other misdemeanor cases involving a fine
only of $50.00 or less would not repeal or affect any other statutes
regulating the powers and duties of juvenile courts within the
meaning of Section 4.

Section 13 of Article 2338-1 establishes in the juvenile court, thereby authorized and created, jurisdiction of a civil nature only and provides that no adjudication by such court "shall . . . be deemed a conviction." The juvenile court, therefore, may not entertain jurisdiction of criminal cases, as such, which is the nature of the prosecution contemplated by House Bill 581. Such a construction of House Bill 581 does not take away any of the powers or duties of juvenile courts.

Nor does House Bill 581 affect the exclusive jurisdiction of the juvenile court. By Section 5 of Article 2338-1, juvenile courts only have "exclusive original jurisdiction of proceedings governing any delinquent child." (Emphasis added throughout opinion.)

The offenses mentioned in House Bill 581 are not such as to constitute the offender a "delinquent child," since Section 3 of Article 2338-1 defines that term to mean "any female person over the age of ten (10) years and under the age of eighteen (18) years and any male person over the age of ten (10) years and under the age of seventeen (17) years: (a) who violates any penal law of this State of the grade of felony; (b) or who violates any penal law of this State of the grade of misdemeanor where the punishment prescribed for such offense may be by confinement in jail," or who "habitually" does certain acts.

It is to be noted that the provisions of Section 4 of House Bill 581 express no intent that it shall not repeal or affect statutes dealing with proceedings involving unlawful conduct of minors, but is limited to an intent to leave unaffected merely the "powers and duties of Juvenile Courts." Nothing in House Bill 581 would prevent civil proceedings for correction of a minor in the juvenile court. The Act is merely "cumulative" of, or in addition to, other statutes dealing with the conduct of minors contrary to the penal statutes, authorizing an additional procedure in the nature of a criminal action against such minor.

In so authorizing the criminal action and in placing jurisdiction thereof in the courts which ordinarily have jurisdiction of misdemeanor offenses of the grade prescribed by House Bill 581, its provisions conflict with certain other provisions of Article 2338-1 and must, therefore, be construed to effect a repeal to the extent of the conflict. For example, Article 2338-1 provides, in Section 11, that peace officers and probation officers may "take into custody any child who is found violating any law or ordinance," and directs that the child be brought before the juvenile court. The same section prohibits officers from taking such child before "a Police Court or a Justice of Peace Court." Section 12 requires that all criminal

cases involving the designated minors shall be transferred to the juvenile court. Section 13 provides that no child, as defined, shall "be charged with or convicted of a crime in any court." These provisions are deemed to be superseded in so far as they conflict with House Bill 581 but it is to be noted that they are provisions dealing with "powers and duties" of peace officers, probation officers, police and justice courts, and other courts, and such a repeal is not, therefore, inhibited by Section 4 of House Bill 581.

You are advised, therefore, that the offenses described by House Bill 581 are to be handled as criminal matters and prosecution may be instituted in those courts having jurisdiction of criminal cases punishable by fine only of $50.00 or less. A prosecution as such may not be instituted in the juvenile court, but the acts prohibited by House Bill 581 may be the subject of juvenile court action if the matter is otherwise properly brought before such court.

The effect of House Bill 581 is to create a new and separate offense from the offense defined in Article 802, V.P.C., which is the general statute dealing with driving while intoxicated. Att'y Gen. Op. V-1266 (1951). Since these two statutes define separate offenses, the penalty prescribed by House Bill 581, while varying from the penalty set out in Article 802, is not in conflict with it. The penalty provisions of House Bill 581 will control in prosecutions under this law.

Since you have not presented any question as to the constitutionality of any of the provisions of House Bill 581, we express no opinion thereon.

## SUMMARY

The provisions of House Bill 581, Acts 52nd Leg., 1951, ch. 436, p. 786, make minors fourteen years of age to seventeen years of age subject to criminal prosecution for reckless driving, speeding, and driving while intoxicated, as defined therein. Juvenile courts do not have jurisdiction of criminal matters, and those actions set out in House Bill 581 are to be prosecuted in courts having jurisdiction of offenses punishable by fine

                              Yours very truly,

                              PRICE DANIEL
                              Attorney General


                              By s/Joe S. Moore
                                    Joe S. Moore
                                    Assistant

APPROVED:

Ned McDaniel
State Affairs Division

Everett Hutchinson
Executive Assistant

Price Daniel
Attorney General

JSM/mf/rt/wc