

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 10, 1952

Hon. Marshall Harvey, D.S.C.
Secretary-Treasurer
Texas State Board of Chiropody Examiners
1121 19th Street
Lubbock, Texas

Opinion No. V-1435

Re: Necessity for chiropo-
dists to pay an annual
renewal fee during the
year in which their
license to practice was
issued.

Dear Sir:

Your request for an opinion of this office reads in part as follows:

"The above captioned Article /4571,
V.C.S._7 states in part:

"'Practicing chiropody without an
annual renewal certificate for the cur-
rent year, as provided herein, shall have
the same force and effect and subject to
all penalties or practicing chiropody with-
out a license.'

"Examinations are given and success-
ful candidates are issued licenses in Jan-
uary and June of each year.

"QUESTION:

"In line with that portion of the
provisions in this Article quoted above,
shall this Board collect annual fees for
the year or portion thereof during which
license was issued or shall such fees be
due and payable on September first follow-
ing issuance of such license?"

House Bill 102, Acts 52nd Leg., R.S. 1951,
ch. 132, p. 219, amends among others Articles 4569
and 4571, V.C.S., which now provide in part:

Art. 4569. "All applicants for license to practice chiropody in this State under the provisions of this Act, not otherwise licensed under the provisions of law, must successfully pass an examination by said Texas State Board of Chiropody Examiners. The Texas State Board of Chiropody Examiners is authorized to adopt and enforce rules of procedure not inconsistent with the statutory requirements. The examinations shall be written or practical and in the English language, and all applicants that possess the qualifications required for an examination and who shall pass the examinations prescribed with a general average of seventy-five per cent (75%) in all subjects and not less than sixty per cent (60%) in any one subject shall be issued a license by the Texas State Board of Chiropody Examiners to practice chiropody in this State. . . . All applicants shall pay to the Secretary-Treasurer of the Texas State Board of Chiropody Examiners an examination fee of Forty Dollars ($40) at least fifteen (15) days before the dates of the regular examinations. . . ." (Emphasis added.)

Art. 4571. "It shall be the duty of the Secretary-Treasurer of the Texas State Board of Chiropody Examiners on or before August first of each year to notify, by mail, all Texas licensed Chiropodists at their last known address that the annual license renewal fee is due on September first of each year. Every registered Chiropodist shall renew his license on or before September first of each year by the payment of an annual license renewal fee of Twenty Dollars ($20) to the Secretary-Treasurer of the Texas State Board of Chiropody Examiners. If such renewal fee is not paid on or before December first, the delinquent licensee shall be notified by mail at his last known address by the Secretary-Treasurer that such fee is due and unpaid and a delinquent penalty of Twenty Dollars ($20) is assessed and shall be paid on or before January first. If such fees

are not paid by January first, it shall be the duty of the Texas State Board of Chiropody Examiners to suspend or revoke the said license for nonpayment of the annual renewal and delinquent fees for the current year. The Board shall notify the district clerk of the county in which such license may have been recorded and such clerk, upon receipt of notification from said Board, shall enter upon the chiropody register of such county the fact that such license is suspended or revoked for nonpayment of the annual renewal fee, and shall notify the Board in writing that such entry has been made. Practicing chiropody without an annual renewal certificate for the current year, as provided herein, shall have the same force and effect and subject to all penalties of practicing chiropody without a license. . . ."

In Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680, 683 (1932) it is stated:

". . . In determining the legislative intent, the court should not look alone to any one phrase, clause, or sentence of the act, but to the entire act; . . ."

In Webster's New International Dictionary (2nd Ed. 1943) the word "renew" is defined as follows: "To grant or obtain an extension of; to continue in force for a fresh period; as, to renew a note or a lease."

In view of the above definition it is our opinion, when the act is considered as a whole, that the Legislature did not intend that a license should be renewed simultaneously with its original issuance. On the contrary, we believe the statute contemplates that when a license is issued originally the licensee is authorized to practice without paying a renewal fee until the following September.

## SUMMARY

The Texas State Board of Chiropody Examiners is not authorized to collect annual renewal fees from licensees for the year or portion thereof during which the original licenses were issued, but renewal fees are due and payable on or before the following September.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

By _Bruce Allen_
Bruce Allen
Assistant

Charles D. Mathews
First Assistant

BA:mh