**Boyd J. HUDDLESTON et ux., Appellants,**

v.

**Willie S. JACKSON, Appellee.**

**No. 3604.**

Court of Civil Appeals of Texas.

Waco.

Jan. 22, 1959.

Rehearing Denied March 19, 1959.

Bowlen Bond, Teague, for appellants.

Elmer McVey, Austin, for appellee.

TIREY, Justice.

This action is one in trespass to try title. At the conclusion of the evidence the court submitted one issue to the jury. It was: "Do you find from a preponderance of the evidence that John H. Jackson was the father of plaintiff, Willie S. Jackson?" to which the jury answered "Yes." No exceptions or objections were filed to the court's charge, nor was a request filed to submit any other issue or issues. The court granted Willie S. Jackson's motion for judgment on the verdict of the jury and thereafter overruled the Huddlestons' motion for judgment non obstante veredicto, and entered a decree in accord with the verdict of the jury and disposed of the cross action therein asserted.

The Huddlestons seasonably filed their amended motion for new trial, and it being overruled, perfected their appeal to

this court. The defendant, Elkhart State Bank, did not appeal from the decree entered.

Appellants have assailed the decree entered on what they designate as 10 points. They are substantially to the effect that the court erred (1 and 2) in its failure to grant their motion for judgment non obstante veredicto, because the verdict is contrary to the evidence; (3, 4 and 5) because the verdict of the jury is against the great weight and preponderance of the evidence, and because there is no evidence, and because the evidence is insufficient to sustain the verdict of the jury; (6, 7 and 8) because the court erred in permitting Willie S. Jackson to testify to the effect that he is the son of John H. Jackson, wherein the witness answered "He always told me I was", and in permitting Willie S. Jackson to testify to the fact that he was a brother of Shelley L. Rawls, and in permitting Levi Jackson to testify to the fact that he always considered Willie S. Jackson to be his nephew; (9 and 10) in permitting E. B. Crawford to testify to the fact that Willie S. Jackson and Shelley L. Rawls had a reputation in the community of being brothers, and in permitting Charlie Brown to testify to the effect that Willie S. Jackson and Shelley L. Rawls had a reputation of being boys of John H. Jackson.

■ A statement is necessary. Appellee's cause of action is grounded on the theory that he was a brother of Shelley L. Rawls and that John H. Jackson, the admitted father of Shelley L. Rawls, was the putative father of appellee. The evidence shows that John H. Jackson was first married to Minnie Rawls, the date of such marriage not being established; that to this marriage was born one child, Shelley L. Jackson, who later took the name of Shelley L. Rawls; that Minnie Rawls Jackson died sometime after the birth of Shelley L. Jackson, but the date of her death was not shown; that after the death of Minnie Rawls, John H. Jackson intermarried with Kittie Lawrence on December 26, 1894;

that Kittie Lawrence Jackson did not live long, the exact time not being established, but that such death occurred sometime prior to September 15, 1898, at which time John H. Jackson intermarried with Julie Ann Durham. The evidence shows that Willie S. Jackson was an illegitimate child of Julie Ann Jackson, born sometime before her marriage to John H. Jackson, the witnesses varying his age at the time of such marriage from two or three to five or six years. According to appellee's testimony, he was born not later than the year 1895, three years or more before the marriage of his mother to John H. Jackson. In the court's charge, among other instructions, we find the following: "You are instructed that our law provides that where a man having by a woman a child or children shall afterwards intermarry with such woman, such child or children shall thereby be legitimated and made capable of inheriting his estate." As we have heretofore stated, there was no exception nor objection made to the court's charge. Our view of the record here is that the sole question before us is: Was the evidence tendered of sufficient probative force to sustain the verdict of the jury? We think the answer is "Yes." Much testimony was tendered on this issue. The statement of facts contains some 256 pages. It is obvious that we cannot quote it, nor do we believe it would be of any precedential value to set it out in any great detail. If the jury's answer is sustained by sufficient evidence of probative force, or if the jury's answer is not against the great weight and preponderance of the evidence, it is our duty to affirm the judgment of the trial court. As a reviewing court, it is our duty to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict, and it is our duty in considering controverted issues of fact to accept as true, the testimony which tends to support the verdict. See Welch Veterinary Supply Co. v. Martin, Tex.Civ.App., 313 S.W.2d 111 (n. r. e.) Pts. 1 and 2, p. 118, and authorities there cited.

Since we are of the view that the evidence is ample to sustain the verdict of the jury, and that such verdict is not against the great weight and preponderance of the evidence (under the doctrine announced in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660), the effect of such verdict is to establish the fact that Willie S. Jackson is a brother of Shelley L. Rawls. Since the record is further without dispute that Willie S. Jackson, appellee here, and Shelley L. Rawls were the sole and only children born to John H. Jackson, and since Shelley L. Rawls was married one time only and had no children born to him and surviving him, and died intestate, and left no heirs save and except his surviving widow and Willie S. Jackson, appellee herein, the decree of the court entered in this cause is in accord with the record here made and the verdict of the jury, and Subdiv. 2 of (b) of Sec. 38 of the Probate Code as adopted by the 54th Legislature, Acts of 1955, Chap. 55, p. 88.

Appellants' 6th Point is:

"The Court erred in admitting the testimony of appellee, Willie S. Jackson, over the objection of appellants, to the effect that he is the son of John H. Jackson, when the witness answered 'He always told me I was.'"

Appellee, Willie Jackson, testified in part on direct examination as follows:

"Q. Now, Willie, are you the son of John H. Jackson?" Counsel for appellants objected to the question on the ground that it called for an opinion and conclusion, which was overruled by the Court, and the witness answered: "A. He always told me I was."

Thereafter, counsel for appellants objected to the answer on the ground that it calls for a transaction between a deceased and an interested party, and that such question and answer was and is in violation of Art. 3716, and he asked that the jury be instructed not to consider the question or the answer. The court sustained that objection and instructed the jury not to consider the question or the answer. Thereafter, the witness testified on direct examination in part as follows:

"Q. Now did you have a brother, Willie? A. Yes, sir.

"Q. And what was his name? A. Shelley.

"Q. Shelley what? A. Jackson.

"Q. Did he later go under the name of Shelley Rawls? A. Yes, sir."

Thereafter he testified on cross-examination in part as follows:

"Q. And you say—are you saying that John Jackson is your father? A. Yes, sir, that's what he always told me.

"Q. I say are you saying that? A. Yes, sir.

"Q. That's what you are saying? A. Yes, sir."

See Burrell v. Westbrook, Tex.Civ.App., 163 S.W.2d 695 (writ ref. w. o. m.); Wolf v. Wilhelm, Tex.Civ.App., 146 S.W. 216 (writ denied). We find no objection whatsoever to the foregoing testimony. We think the foregoing shows clearly that there is no reversible error in appellants' Point 6, and it is overruled.

We think we should say that this cause was tried without objection under the law of descent and distribution provided for in our New Probate Code which was adopted by the 54th Legislature, p. 88, Chap. 55, and known as Acts of 1955, which Section 42 is applicable, and the last part thereof provides:

"Where a man, having by a woman a child or children shall afterwards intermarry with such woman, such child or children shall thereby be legitimated and made capable of inheriting his estate. The issue also of marriages

**26**

deemed null in law shall nevertheless be legitimate."

Under old Art. 2581 of Vernon's Annotated Civil Statutes, such article, among other things, provided in effect that an illegitimate child was not made legitimate by marriage unless the man, in addition to marrying the mother, recognized the child as his own. That doctrine was announced in Pilgrim v. Griffin, Tex.Civ.App., 237 S. W.2d 448 (n. r. e.). We think the evidence here supports the judgment under both the old Article 2581 aforesaid, and it certainly complies with Section 42 of the New Probate Code, which became effective January 1, 1956. See Sec. 2 as to effective date, and Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680.

Appellants contend in their supplemental brief that the court should have granted their motion for judgment non obstante veredicto, because the evidence conclusively shows that appellee, by his acts, estopped himself from claiming any interest in the property of his deceased half brother. We overrule this contention for the reasons which we shall hereafter briefly state.

■■ First of all, we are of the view that the doctrine of estoppel was not tendered by the evidence. It is true that appellants did not plead estoppel. However, as we understand the law in trespass to try title suits, where a plea of not guilty is filed, it is not necessary in such action to plead estoppel before it can be urged as a defense. See Village Mills Co. v. Houston Oil Company of Texas, Tex.Civ.App., 186 S.W. 785, pt. 10, opinion by Sup.Ct., 241 S.W. 122. As we understand it, the foregoing doctrine constitutes an exception to the general rule. See Tex.Jur. Vol. 17, Estoppel, Sec. 16, p. 146 and cases there collated. However, this record shows that appellants filed no exceptions or objections to the court's charge, nor did they request a special issue to be submitted on this matter, and therefore they are precluded from urging it here.

After a careful consideration of the evidence and the authorities cited, we are of the view that no reversible error is shown, and each of appellants' points is overruled, and the judgment of the trial court is affirmed.