

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 11, 1963

Honorable J. M. Falkner
Chairman, Finance Commission
Department of Banking
Austin 14, Texas

Opinion No. C-95

Re: Date additional deposits
required by Senate Bill
121, Acts of the 58th
Legislature, Regular Ses-
sion will be effective.

Dear Mr. Falkner:

Your request for an opinion reads as follows:

"Senate Bill 121, which has been finally passed and sent to the Governor, is an Act amending Article 912a-15, Vernon's Civil Statutes by increasing the amounts of deposits by perpetual care cemeteries in their perpetual care funds.

"Section 3 of the Act which amends Article 912a-15, V.C.S. provides in part as follows:

" 'Each perpetual care cemetery shall deposit in its perpetual care trust fund an amount equivalent to such amount as may have been stipulated in any contract under which perpetual care property was sold prior to March 15, 1934, plus a minimum of twenty cents (20¢) per square foot of ground area sold or disposed of as perpetual care property after March 15, 1934, until such fund reaches a minimum of One Hundred Thousand Dollars ($100,000.00), after which each such cemetery shall deposit an amount equivalent to a minimum of ten cents (10¢) per square foot of ground area sold or disposed of as perpetual care property after March 15, 1934, until September 3, 1945. Each such cemetery shall deposit in its perpetual care trust fund an amount equivalent to a minimum of twenty cents (20¢) per square foot of ground area sold or disposed of as perpetual care property after September 3, 1945, until July 1, 1963. A minimum of

Fifteen Dollars ($15.00) per each crypt
interment right for mausoleum interment
sold or disposed of as perpetual care prop-
erty and a minimum of Five Dollars ($5.00)
per each niche interment right for colum-
barium interment sold or disposed of as per-
petual care property between March 15, 1934,
and July 1, 1963, shall also be placed in
such perpetual care trust fund. From and
after July 1, 1963, each such cemetery shall
deposit in its perpetual care trust fund an
amount equivalent to a minimum of fifty cents
(50¢) per square foot of ground area sold or
disposed of as perpetual care property after
said date. A minimum of Forty Dollars ($40.00)
per each crypt interment right for mausoleum
interment sold or disposed of as perpetual
care property, except that on crypts accessi-
ble only through another crypt the minimum
requirement shall be Twenty Dollars ($20.00)
per each such crypt, and a minimum of Ten
Dollars ($10.00) per each niche interment
right for columbarium interment sold or
disposed of subsequent to July 1, 1963, shall
also be placed in such perpetual care trust
fund. Such minimum requirements shall apply
to all property in which the exclusive right
of sepulture has been sold and paid for, whether
used for interment purposes or not.

"'After July 1, 1963, each agreement for
the sale of burial space in a perpetual care
cemetery shall set out separately the part of
the aggregate amount agreed to be paid by the
purchaser which is to be deposited in the per-
petual care trust fund --' (Emphasis supplied).

"From the above emphasized phrases it
will be noted that the amounts to be deposited
in the perpetual care funds have been increased
beginning with July 1, 1963. However, since
the Act was passed by viva voce votes in both
Houses it does not become effective until August
23, 1963. Numerous inquiries have been made to
this department as to whether the additional
deposits should be made beginning with July 1,
1963 as required by the Act or on August 23, 1963,
the date upon which the Act becomes effective.

"I am requesting your opinion as to whether such additional deposits and requirements will become effective on July 1, 1963 or on August 23, 1963."

Section 39 of Article III of the Constitution of Texas provides:

"No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a preamble or in the body of the act, the Legislature shall, by a vote of two-thirds of all the members elected to each House, otherwise direct; said vote to be taken by yeas and nays, and entered upon the journals."

Since Senate Bill 121, under the facts submitted, was passed by a viva voce vote and not by "yeas" and "nays" entered upon the journals as prescribed by Section 39 of Article III of the Constitution of Texas, it could not become effective until ninety days after adjournment of the Regular Session of the 58th Legislature. Caples v. Cole, 129 Tex. 370, 102 S.W.2d 173 (1937). Hence, the effective date of Senate Bill 121 would be August 23, 1963.

A legislative act is not operative until it becomes law. Moorman v. Terrell, 109 Tex. 173, 202 S.W. 727 (1918); Anderson v. Perrix, 138 Tex. 596, 161 S.W. 2d 455 (1942); Popham v. Patterson, 121 Tex. 615, 51 S.W. 2d 680 (1932).

In view of the foregoing, you are advised that the additional deposits and requirements prescribed by Senate Bill 121 of the 58th Legislature, will not become payable until August 23, 1963.

## S U M M A R Y

The effective date of Senate Bill
121, Acts of the 58th Legislature,
Regular Session, is August 23, 1963,
said date being ninety days after the
adjournment of the Regular Session
of the 58th Legislature.  The addi-
tional deposits and requirements pre-
scribed by Senate Bill 121 will not
become payable until August 23, 1963.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves

John Reeves
Assistant

JR:ms:zt

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Linward Shivers
Jerry Brock

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone